By the Court
 

 (Kxnkade, J.).
 

 The subject-matter of this action embraces the removal, by the court of common pleas of Richland county, of an official stenographer of that court, the relator herein, and the appointment of the respondent herein as successor thereto. No charges, prior to removal, of neglect of duty, misconduct or inefficiency, as provided for in Section 1546, General Code, were made against the incumbent, who w'as serving pursuant to an appointment duly made by a common pleas judge other than the judge who entered the removal order and made the substitute appointment, both on the same day, and without affording the incumbent any opportunity to refute the charges entered on the journal of the court, as.follows:
 

 “I, C. H. Huston, the duly elected, qualified and acting Judge of the Court of Common Pleas of Rich-land County, Ohio, have this day removed from office Estella Appleman as official stenographer of the Court of Common Pleas of Richland County, Ohio, or short hand reporter for such court for the following causes:
 

 
 *266
 
 “First — Misconduct in office.
 

 ‘ ‘ Second — Incompetency.
 

 ‘ ‘ Such removal to take effect this 10th day of February, 1931, as provided by Section 1549 [1546], General Code of Ohio.
 

 ‘ ‘ The Clerk is directed to enter this order on the Journal of the Court as of this date, to serve a certified copy thereof on the said Estella Appleman and to transmit a certified copy thereof to the Auditor of Richland County, Ohio.
 

 ‘ ‘ On this 10th day of February, 1931. ’ ’
 

 The action of the court as above set forth caused the filing of this petition in
 
 quo warranto.
 
 The respondent demurs to the petition on the ground that it does not state a cause of action. The contention of the respondent is that the petition states facts showing clearly that the action in
 
 quo warranto
 
 cannot obtain in favor of the relator because the relator is not a public official who may try the right of office by
 
 quo warranto,
 
 that the relator is merely an employee or arm of the court whose duty it is to carry out the orders of the court, and that the relator is in no sense clothed with the duty of exercising any of the sovereign powers of the state.
 

 The question presented is not free from doubt. The decisions are not in harmony. Sections 1546 to 1554, General Code, both inclusive, which cover the appointments, duties, powers, compensation and fees of official stenographic court reporters and their removal from office by the court, when considered together, keeping in mind the close working relations which necessarily must at all times exist between the trial judge and the official shorthand reporter of.the court, do not impress this court that
 
 *267
 
 the Legislature intended by these sections to create a public official who might have his right of office determined by a proceeding in
 
 quo warranto.
 
 To so hold, we think, would seriously weaken and detract from the efficiency of this highly important branch of the judicial service. The sole power of selecting these stenographers, and the fixing of their terms not longer than three years, and the fixing of their compensation within the limit named, is wisely committed, as it should be, to the sound discretion of the appointing court. Surely no other court would assume to give any direction to the appointing court in a matter of this character.
 

 The following authorities throw light on the interesting questions involved: Sections 1546 to 1554, both inclusive, General Code; Section 12303, General Code; 51 Corpus Juris, 309; 22 Ruling Case Law, 382, 387, 397, 422, 423, 424, 427, 661, 662;
 
 State
 
 v.
 
 Kendle,
 
 52 Ohio St., 346, 39 N. E., 947;
 
 State, ex rel. Attorney General,
 
 v.
 
 Jennings,
 
 57 Ohio St., 415, 49
 
 N.
 
 E., 404, 63 Am. St. Rep., 723;
 
 State, ex rel. Attorney General,
 
 v.
 
 Anderson,
 
 57 Ohio St., 429, 49 N. E., 406;
 
 State, ex rel. Attorney General,
 
 v.
 
 Ganson,
 
 58 Ohio St., 313, 318, 50 N. E., 907;
 
 State, ex rel. Armstrong,
 
 v.
 
 Halliday, Aud.,
 
 61 Ohio St., 171, 55 N. E., 175;
 
 Palmer
 
 v.
 
 Zeigler,
 
 76 Ohio St., 210, 223, 81 N. E., 234;
 
 State, ex rel. Hogan, Atty. Genl.,
 
 v.
 
 Hunt, Pros. Atty.,
 
 84 Ohio St., 143, 95 N. E., 666;
 
 State, ex rel. Landis,
 
 v.
 
 Board of Commissioners of Butter County,
 
 95 Ohio St., 157, 115 N. E., 919.
 

 The authorities are practically unanimous on the point' that no officer less than a public official may invoke the aid of
 
 quo warranto.
 
 The relator in this case is not such public official.
 

 
 *268
 
 We are deciding only that the relator is not entitled to maintain this action in
 
 quo warranto.
 
 The demurrer will be sustained and the petition dismissed at the costs of relator.
 

 Demurrer sustained.
 

 Marshall, C. J., Jones, Matthias, Allen and Robinson, JJ., concur.