By the Court
 

 (Kinkade, J.).
 

 This is an action in
 
 quo warranto.
 
 The board of elections of Franklin county duly appointed the relator as an assistant clerk of the board. Thereafter the board, by unanimous vote, and without a hearing, removed the relator, and by unanimous vote appointed the respond
 
 *316
 
 ent to fill the vacancy. The relator thereupon filed his petition in this action. The respondent demurs to the petition.
 

 Section 4785-13, General Code, reads in part as follows:
 

 “The boards of elections within their respective jurisdictions by a majority vote shall exercise, in the manner herein provided, all powers granted to sueh boards in this act, and shall perform all the duties imposed by law which shall include the following ; * * *
 

 “d. To appoint and remove its clerk, assistant clerks, * * * and to fill vacancies
 
 *
 
 *
 

 Section 4785-15, General Code, reads in part as follows:
 

 “The board may, when necessary, appoint * * * one or more assistant clerks * * * prescribe their duties and fix their compensation as provided herein. The * * * assistant clerks shall take the same oath for the faithful performance of their duties as is required of the clerk of the board; and they shall have the same power to administer oaths as is given to the clerk by this act. ’ ’
 

 The facts in the case are not in dispute. The question presented, that is to say, has the relator the right to maintain this action in
 
 quo warranto,
 
 is covered by the law as stated by this court in deciding the case of
 
 State, ex rel. Appleman,
 
 v.
 
 Conley, ante,
 
 265, 178 N. E., 207, decided October 21, 1931. The authorities, there cited are noted here. Section 12303, General Code; 51 Corpus Juris, 309; 22 Ruling Case Law, 382, 387, 397, 422, 423, 424, 427, 661, 662;
 
 State
 
 v.
 
 Kendle,
 
 52 Ohio St., 346, 39 N. E., 947;
 
 State, ex rel. Attorney General,
 
 v.
 
 Jennings,
 
 57
 
 *317
 
 Ohio St., 415, 49 N. E., 404, 63 Am. St. Rep., 723;
 
 State, ex rel. Attorney General,
 
 v.
 
 Anderson,
 
 57 Ohio St., 429, 49 N. E., 406;
 
 State, ex rel. Attorney General,
 
 v.
 
 Ganson,
 
 58 Ohio St., 313, 318, 50 N. E., 907;
 
 State, ex rel. Armstrong,
 
 v.
 
 Halliday, Aud.,
 
 61 Ohio St., 171, 55 N. E., 175;
 
 Palmer
 
 v.
 
 Zeigler,
 
 76 Ohio St., 210, 223, 81 N. E., 234;
 
 State, ex rel. Hogan, Atty. Gen.,
 
 v.
 
 Hunt, Pros. Atty.,
 
 84 Ohio St., 143, 95 N. E., 666;
 
 State, ex rel. Landis,
 
 v.
 
 Board of Commissioners of Butler County,
 
 95 Ohio St., 157, 115 N. E., 919.
 

 The controlling principle is very clearly and concisely stated in the case of
 
 State, ex rel. Attorney General,
 
 v.
 
 Jennings, supra,
 
 the second paragraph of the syllabus of which reads as follows:
 

 “To constitute a public office, against the incumbent of which
 
 quo warranto
 
 will lie, it is essential that certain independent public duties, a part of the sovereignty of the state, should be appointed to it by law, to be exercised by the incumbent, in virtue of Ms election o‘r appointment to the office, thus created and defined, and not as a mere employe, subject to. the direction and control of some one else.”
 

 The relator here was not a public officer. He was only an employe of the board, and was subject to dismissal by the board at its discretion.
 

 Demurrer sustained.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Robinson, JJ., concur.