THE STATE, EX REL. BUIAN, APPELLANT, *v.* KADLEC ET AL.,
APPELLEES.[1]

[Cite as State, ex rel. Buian, v. Kadlec (1978),
53 Ohio St. 2d 239.]

(No. 77-973—Decided March 29, 1978.)

_____

[1]Subsequent to the inception of these proceedings, Nancy Kadlec was
named Personnel Director of the city of Akron and was substituted as
a party respondent.

240

Mr. *John R. Vintilla*, for appellant.
Mr. *John E. Holcomb*, director of law, and *Mr. Edward J. Reigler*, for appellees.

*Per Curiam.* Appellant is basically maintaining that the commission and its members have breached a contract of employment with him. Although he admits submitting a resignation, he avers that he made a revocation of this resignation prior to its acceptance by the commission and its members. However, the commission did "accept" the resignation and proceed to appoint an interim and, eventually, a permanent director.

A writ of *quo warranto* issues only where there is a clear legal right to the relief requested and is not the proper remedy to test the right of a person having prima facie title to an office. "The proper method of procedure in a case of this character is by mandamus rather than *quo warranto*." *State, ex rel. Keyser,* v. *Babst* (1920), 101 Ohio St. 275, 281.

However, the propriety of the relief here requested is obviously bottomed upon resolution of a contractual law question. It is not the obligation of this court or the Court of Appeals to resolve contractual disputes in the guise of applications for extraordinary writs, especially in view of the fact that appellant has a plain and adequate remedy in the ordinary course of the law under either Section 116 of the Akron City Charter[2] or a de-

---

[2] Section 116 of the Akron City Charter provides:
"The appointing authority may suspend, reduce in grade and compensation or dismiss any employee in the classified service for just

claratory judgment proceeding under R. C. 2721.03.[a] The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

and reasonable cause and upon specific written charges. Such charges shall be served on said employee and a copy filed with the Commission * * *. The Personnel Director and employees of the Civil Service Commission shall have an appeal directly to the Court of Common Pleas. * * *"

[a]This remedy is available even though there is an alternative administrative remedy. *Herrick* v. *Kosydar* (1975), 44 Ohio St. 2d 128; *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287.