THE STATE, EX REL. BUIAN, APPELLANT, *v.* KADLEC, APPELLEE.

(No. 78-297—Decided December 4, 1978.)

*Mr. John R. Vintilla*, for appellant.

*Mr. John E. Holcomb,* director of law, and *Mr. Edward J. Riegler,* for appellee.

*Per Curiam.* R. C. 2733.06 provides that:

"A person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor by himself or an attorney at law, upon giving security for costs."

Obviously, such action does not lie unless the person against whom it is brought is exercising a public office.

Section 104 of the Charter of the city of Akron establishes the position of personnel director and states that "[t]he Civil Service Commission * * * shall appoint a Personnel Director * * *." In addition Section 106 of the charter specifically outlines the duties of the personnel director and states that such duties are performed under the direction of the commission. The Court of Appeals had before it testimony indicating that the position of personnel director is by appointment and that it is a contractual form of employment for a specific period of years. Under these facts the position of personnel director is not a "public office." A "public office" generally denotes exercise of certain independent public duties and embodies part of the sovereignty of the governmental unit involved. The position of personnel director has only the attributes of a mere employment, the holder thereof being subject to the direction and control of the civil service commission. Cf. *State, ex rel. Atty. Genl.,* v. *Jennings* (1898), 57 Ohio St. 415.

In addition, this court has already decided in *State, ex rel. Buian,* v. *Kadlec,* 53 Ohio St. 2d 239, an earlier appeal involving these same parties, that *quo warranto* is not relator's proper avenue for redress since the respondent, Kadlec, has prima facie title to the office of personnel director.

"A writ of *quo warranto* issues only where there is a clear legal right to the relief requested and is not the proper remedy to test the right of a person having prima facie title to an office. 'The proper method of procedure in a case of this character is by mandamus rather than *quo warranto.*' *State, ex rel. Keyser,* v. *Babst* (1920), 101 Ohio St. 275, 281." *Kadlec, supra,* at page 240. This court, in *Kadlec,* further characterized the nature of the dispute between the parties hereto as follows:

"* * * [t]he propriety of the relief here requested is obviously bottomed upon resolution of a contractual law question. It is not the obligation of this court or the Court of Appeals to resolve contractual disputes in the guise of applications for extraordinary writs, especially in view of the fact that appellant has a plain and adequate remedy in the ordinary course of the law under either Section 116 of the Akron City Charter or a declaratory judgment proceeding under R. C. 2721.03."

Accordingly, the judgment of the Court of Appeals is **affirmed.**

*Judgment affirmed.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.