The State ex rel. GRENIG

v.

CUYAHOGA COUNTY BOARD OF MENTAL RETARDATION et al.

[Cite as *State ex rel. Grenig v. Cuyahoga Cty. Bd. of Mental Retardation* (1994), 93 Ohio App.3d 98.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65288.

Decided Feb. 7, 1994.

*Okocha & Assoc. Co., L.P.A.,* and *Nwabueze V. Okocha,* for petitioner.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Patrick Murphy,* Assistant Prosecuting Attorney, Civil Division, for respondents.

---

*Journal Entry.*

Relator, Richard E. Grenig, commenced this quo warranto action against the respondents, Cuyahoga County Board of Mental Retardation (the "board"); Michael Donzella, superintendent of the board; Donald R. Rochon, director of the board's adult services; Jeff Liptack, the board's administrator of personnel services; and Rich Segedi, to oust Segedi as production manager at the board's East Cleveland facility and place the relator in that position. The respondents moved for summary judgment, and Grenig filed his brief in opposition. For the following reasons, the motion is granted and the case is dismissed.

In 1989, the board appointed Grenig production manager at its East Cleveland Adult Training Center. Grenig attached to his complaint the list of his official responsibilities, which included reviewing time studies and production records, assigning and setting up contract work, supervising maintenance and work groups, assuring safety in workshop areas, scheduling work production, repairing equipment, recommending acquisitions, training, evaluating and supervising work group supervisors, and acting in place of the manager when the manager is absent from the building. He held his position pursuant to a contract.

Grenig further alleges that despite good evaluations, Rochon removed him as production manager at East Cleveland on September 17, 1992, during his contract, because of a personal vendetta. Subsequently, the board solicited applications for the position. Grenig reapplied, but the post was given to Segedi in violation of the board's policy to fill vacancies based on merit and experience. Accordingly, Grenig asserts that Segedi has usurped the position and that quo warranto lies to reinstate him.

R.C. 2733.01 provides that quo warranto may be brought against a person who usurps, intrudes into, or unlawfully holds or exercises a public office. Thus, the threshold issue is whether a board production manager is a public officer. The Ohio Supreme Court has long held that the most important characteristic which distinguishes an office from mere employment is that the " 'office involves a

delegation to the individual of some sovereign functions of government * * * [and] that some portion of the sovereignty of the country, either legislative, executive or judicial, attaches'" to the office. If such powers are not conferred, the position is not a public office. *Palmer v. Zeigler* (1907), 76 Ohio St. 210, 222–223, 81 N.E. 234, 237. If the individual is an employee, as indicated by an employment contract or by being subject to the direction and control of someone else, then the person does not hold a public office, and quo warranto will not lie. *State ex rel. Buian v. Kadlec* (1978), 56 Ohio St.2d 116, 10 O.O.3d 307, 383 N.E.2d 119.

In the instant case, production manager is not a public office. R.C. 5126.22(A) categorizes a board production manager as a management employee. R.C. 5126.21(A)(1) further provides that each management employee shall hold a limited contract for a period of not less than one year and not more than five years. These statutes also indicate that management employees are subject to the supervision of the board. Moreover, from reviewing the list of responsibilities, attached to the complaint, it cannot be said that part of the sovereignty of the state rests in the position. Scheduling and reviewing production, repairing equipment, recommending new equipment, supervising safety practices and maintaining the physical plant are indicative of employee status.

Additionally, the courts of Ohio have held that similar positions are not public offices. In *Palmer,* the Supreme Court ruled that the superintendent of a county infirmary is not the holder of a public office for purposes of quo warranto. As in the instant case, the superintendent was appointed to his position for a specified term, removable for cause, and his duties were clerical and supervisory. Similarly, in *State ex rel. Sears v. McGonagle* (1904), 5 Ohio C.C.(N.S.) 292, the superintendent of a county children's home was ruled to be an employee for purposes of quo warranto. The court reasoned that a public office "is never conferred by contract, but finds its course and limitations in some act or expression of governmental power." *Id.* at 293–294. In the instant case, Grenig's position is subordinate to the manager of a facility analogous to the ones in *Palmer* and *Sears.* If a superintendent of such a facility is an employee, then a subordinate must also be one. See, also, *State ex rel. Reardon v. McDonald* (1931), 124 Ohio St. 315, 178 N.E. 266 (assistant clerk to county board of elections is not a public officer); *State ex rel. Appleman v. Conley* (1931), 124 Ohio St. 265, 178 N.E. 207 (official court stenographer is not a public officer); *State ex rel. Newman v. Skinner* (1934), 128 Ohio St. 325, 191 N.E. 127 (state librarian is not a public office); and *Buian* (civil service personnel director is an employee).

Grenig relies upon a line of cases, including *State ex rel. McArthur v. DeSouza* (1992), 65 Ohio St.3d 25, 599 N.E.2d 268, in which police officers, including patrolmen, were able to seek quo warranto relief. This reliance is misplaced.

The police officer's position is materially different from the other positions considered, because he exercises the sovereignty of the state, *e.g.*, the power to arrest and to enforce the law. *State ex rel. Armstrong v. Halliday* (1899), 61 Ohio St. 171, 55 N.E. 175; *Palmer*, 76 Ohio St. at 223, 81 N.E. at 237; *Appleman*, 124 Ohio St. at 268, 178 N.E. at 208 (Marshall, C.J., concurring).

Accordingly, because the position of production manager for the board is not a public office, the motion for summary judgment is granted and the writ is dismissed. Relator to pay costs.

*Judgment accordingly.*

DYKE, C.J., PATTON and SPELLACY, JJ., concur.