OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


The State ex rel. Johnson, Sheriff, Appellant, v. Talikka,
Special Pros. Atty., Appellee.
[Cite as State ex rel. Johnson v. Talikka (1994),
Ohio St.3d           .]
Quo warranto -- Complaint challenges appointment of special
prosecutor -- Denial of writ by appellate court upheld, when.
     (No. 94-1021 -- Submitted November 1, 1994 -- Decided
December 7, 1994.)
     Appeal from the Court of Appeals for Ashtabula County, No.
93-A-1816.
     On or about July 8, 1993, Gregory J. Brown, the Ashtabula
County Prosecuting Attorney, received an anonymous letter
signed "Concerned Taxpayers'" informing him of an alleged
incident occurring on July 7, 1993.  The letter indicated that
on that date, the county jail cook and three inmates had
prepared food for a private golf outing held by
relator-appellant, Ashtabula County Sheriff William R. Johnson,
when the cook was being paid by the county to prepare food for
county jail inmates.  The letter further alleged that the
inmates transported the beer for the outing and stacked it in
the county jail's cooler.
     On July 30, 1993, Brown filed an application with the
Ashtabula County Court of Common Pleas to appoint
respondent-appellee, Leo J. Talikka, special prosecutor, "due
to the fact that an investigation is necessary to ascertain the
truth of allegations concerning improper conduct within the
Ashtabula County Sheriff's Department."  The application
further stated that the "close relationship the Prosecution
office must maintain with the Sheriff's Department in handling
continuing criminal investigations makes it necessary and wise
to select an independent prosecutor to review these matters
before [a] Grand Jury."  On the same date, the common pleas
court granted Brown's application and appointed Talikka
"Special Counsel to Convene Grand Jury and address those
matters to conclusion."  The county commissioners did not
participate in Brown's application to appoint Talikka as
special prosecutor, and the common pleas court held no hearings
on Brown's application.

On August 4, 1993, the grand jury returned an indictment which charged Sheriff Johnson with three counts of dereliction of duty in violation of R.C. 2921.44(C)(5), one count of conveyance of intoxicating liquor onto the grounds of a detention facility in violation of R.C. 2921.36(A)(3), and one count of theft in office in violation of R.C. 2921.41(A)(1). The indictment was signed by Talikka as "SPECIAL PROSECUTOR."

After being granted leave to institute a quo warranto action by the Court of Appeals for Ashtabula County, Sheriff Johnson filed a complaint in the court of appeals on December 2, 1993. Sheriff Johnson alleged that Talikka's appointment as special prosecutor was illegal, and he requested a writ of quo warranto removing Talikka from his position and pronouncing all actions taken by him as special prosecutor to be void ab initio. Talikka filed an answer denying that his appointment as special prosecutor was illegal. The case was submitted to the court of appeals upon stipulated facts and the briefs of the parties. On April 4, 1994, the court of appeals denied the writ.

The cause is now before this court upon an appeal as of right.

Thomas L. Sartini, for appellant.
Talikka, Ischie, Talikka & Wilson and Leo J. Talikka, Special Prosecutor, pro se.

Per Curiam. Sheriff Johnson asserts in his first proposition of law that quo warranto is the only remedy available in law or equity to challenge the appointment of either a special prosecutor or an assistant prosecutor. The court of appeals denied quo warranto relief on the basis that Sheriff Johnson "has a remedy at law by way of a motion to dismiss, which if overruled by the trial court, may be appealed at the conclusion of the proceedings against him." Extraordinary writs like quo warranto provide extraordinary, not alternative remedies, and they will not lie where there exists an adequate remedy in the ordinary course of the law. State ex rel. McArthur v. DeSouza (1992), 65 Ohio St.3d 25, 599 N.E.2d 268; State ex rel. Buian v. Kadlec (1978), 53 Ohio St.2d 239, 7 O.O.3d 402, 373 N.E.2d 1260. An alternative remedy is adequate if it is complete, beneficial and speedy. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121.

Crim.R. 12(B)(2) provides that defenses and objections based on defects in the indictment, other than failure to show jurisdiction in the court or to charge an offense, must be raised before trial. In State ex rel. Jackson v. Allen (1992), 65 Ohio St.3d 37, 599 N.E.2d 696, a criminal defendant filed a motion to dismiss indictments, alleging that the special prosecutor who had obtained the indictments had been improperly appointed. After the trial court denied the motion to dismiss, the defendant's counsel filed a quo warranto action challenging the right of the special prosecutor to hold that office. We denied a writ of quo warranto based on the following:

"*** We conclude that Whitman [the defendant in the underlying criminal case] is trying to quash the indictments through this proceeding rather than appeal the trial court's

denial of his motion to dismiss.  Since Whitman has an available appeal remedy, we grant [the special prosecutor's] motion for summary judgment and deny the writ for quo warranto."  Id., 65 Ohio St.3d at 39, 599 N.E.2d at 697.

Sheriff Johnson contends that Jackson is distinguishable because, unlike the criminal defendant in Jackson, he has not yet filed a motion to dismiss the indictment which has been overruled in the underlying criminal case.  However, the mere fact that Sheriff Johnson has failed thus far to avail himself of this remedy does not render that remedy inadequate; if that were true, this criterion for a writ of quo warranto could be thwarted simply by ignoring it.  See State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn. (1992), 65 Ohio St.3d 348, 350, 603 N.E.2d 1024, 1026, citing State ex rel. Cartmell v. Dorrian (1984), 11 Ohio St.3d 177, 178, 11 OBR 491, 492, 464 N.E.2d 556, 558.

Pursuant to Jackson, where the appointment of a special prosecutor like Talikka is challenged by a defendant in an underlying criminal case, quo warranto relief is precluded because of the available, adequate remedies of a motion to dismiss the indictment with an appeal if the motion is overruled and the defendant is convicted.  Other cases have recognized the propriety of these remedies to challenge the appointment of a special prosecutor in a criminal proceeding. State v. Warner (1990), 55 Ohio St.3d 31, 41-45, 564 N.E.2d 18, 29-33; State v. Ross (1982), 6 Ohio App.3d 25, 6 OBR 76, 452 N.E.2d 339.  Extraordinary relief is not available to challenge either the validity or sufficiency of an indictment.  See Luna v. Russell (1994), 70 Ohio St.3d 561, 639 N.E.2d 1168.

Sheriff Johnson further contends that State ex rel. Williams v. Zalesky (Dec. 8, 1982), Lorain App. No. 3364, unreported, required him to challenge Talikka's appointment via quo warranto rather than by motion to dismiss or appeal. However, Jackson is controlling.  Accordingly, Sheriff Johnson's first proposition of law lacks merit.

Sheriff Johnson asserts in his remaining propositions of law that the court of appeals erred in holding that the common pleas court did not abuse its discretion by appointing Talikka to act as a special prosecutor.  However, since Sheriff Johnson's first proposition is manifestly without merit, his remaining contentions on appeal are moot and need not be addressed.

Accordingly, the judgment of the court of appeals is affirmed.

                                        Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.