Appellant, Youngstown State University, appeals from the trial court's judgment which found that appellant had breached its collective bargaining agreement with appellee, Youngstown State University Association of Classified Employees, and ordered appellant to promote a certain employee and pay him lost wages.
In March 1991, appellant had an opening for the position of Maintenance Repair Worker-3. Appellant's collective bargaining agreement with appellee provides two different methods by which vacant positions may be filled: (1) civil service examination or (2) posting of the position. The agreement required that appellant administer competitive civil service examinations for all job classifications and compile an eligibility list ranking those who pass the examination in order of their scores.
When the Maintenance Repair Worker-3 vacancy occurred, appellant referred to the eligibility list for this classification and forwarded the top three names on the list to the hiring department, as required by the agreement and R.C.124.27. The individuals with the top three scores were Jack Walp, Ray Slanco, and James Stellmar. Ray Slanco was recommended by the department head and hired by appellant.
Jack Walp, through appellee, brought this action against appellant, asserting a breach of the agreement. Appellee contended that Walp was the most qualified *Page 201 
person for the position and that appellant was required by the terms of the agreement to promote him.
The trial court agreed that Walp should have received the promotion because he had the most seniority and was the most qualified candidate. The court relied on the following language of Article 14.6 of the agreement:
"In the filling of all vacant positions where applicants' qualifications are identical, the seniority of qualified employees will be given the most consideration."
The court ordered appellant to promote Walp and pay back pay with interest. Appellant appeals, and raises two assignments of error.
In its first assignment of error, appellant asserts:
"The trial court erroneously interpreted the terms of the collective bargaining agreement in the instant case."
Appellant contends that the trial court erred in applying the seniority language of Article 14.6 because this provision does not apply to positions filled through competitive examination, but only to positions which are posted. We agree.
The issue before us is a matter of basic contract construction. The court need not go beyond the plain language of the agreement to determine the parties' rights and obligations if a contract is clear and unambiguous. Blosser v. Enderlin
(1925), 113 Ohio St. 121, 148 N.E. 393, paragraph two of the syllabus.
With the relevant language emphasized, Article 14.6 states:
"In positions filled through job postings, the University will give consideration to qualified employees of the University before considering candidates from off campus. In the review of qualified employees applying for vacant positions which have been posted, the University will consider the applicant's education, related work experience, performance evaluations, length of University service in a position or positions related to the position for which he/she is applying. In the filling ofall vacant positions where applicants' qualifications areidentical, the seniority of qualified employees will be given themost consideration. A bargaining unit member shall not be required to take, and pass, more than one test to qualify for all positions in each classification as listed in O.A.C. 123." (Emphasis added.)
Although the seniority language at issue does begin with the phrase "In the filling of all vacant positions," this language cannot be construed in isolation. It must be read within the context of the whole paragraph and the entire *Page 202 
agreement. See Monsler v. Cincinnati Cas. Co. (1991), 74 Ohio App.3d 321,330, 598 N.E.2d 1203, 1209.
Article 14.6 clearly deals exclusively with positions filled through job postings. This paragraph is introduced by a topic sentence:
"In positions filled through job postings, the University will give consideration to qualified employees of the University before considering candidates from off campus."
This sentence indicates that Article 14.6 will describe the manner in which appellant will evaluate candidates who have applied for posted positions.
The second sentence of the paragraph also explicitly refers to posted positions:
"In the review of qualified employees applying for vacant positions which have been posted, the University will consider the applicant's education, related work experience, performance evaluations, length of University service in a position or positions related to the position for which he/she is applying."
This sentence follows the tone set by the topic sentence and further describes the selection procedure for posted positions.
It is the meaning of the third sentence of 14.6 that is disputed:
"In the filling of all vacant positions where applicants' qualifications are identical, the seniority of qualified employees will be given the most consideration."
Read within the context of the entire paragraph, this language must also refer to positions filled through posting. This paragraph twice explicitly refers to posted positions, but never mentions positions filled through competitive examination. The phrase "all vacancies" merely modifies the previous sentences in this paragraph.
This seniority language must also be read within the context of all of Article 14. Article 14.6 is preceded by four provisions that deal exclusively with job posting. Articles 14.1, 14.2, 14.3, 14.5 and 14.6 set forth specific details of the job-posting procedure, without a single reference to the competitive examination application procedure.
In fact, Article 14.4 states that procedures for the filling of vacant positions appear as Appendix E. It is Appendix E that sets forth all details of the civil service examination selection procedure.
The civil service examination selection procedure detailed in Appendix E is the same "rule of three" set forth in R.C. 124.27. Where, as here, a civil service examination has been administered for a particular job classification, the department must fill the vacancy with one of the top three individuals who have passed *Page 203 
the examination. Nowhere in Appendix E, or R.C. 124.27, is there any language which mandates how the appellant should select from among the three candidates.
Therefore, because appellant filled the vacancy with Ray Slanco, who was one of the top three on the eligibility list, appellant complied with the requirements of the agreement. Therefore, the trial court erred in concluding that appellant had breached the terms of the agreement. The first assignment of error is sustained.
Appellant asserts in its second assignment of error:
"The decision of the trial court is contrary to law as it violates the mandates of ORC 4117.10 and ORC 124.27."
As we have reversed the trial court's judgment based upon the first assignment of error, this assignment of error has been rendered moot. Therefore, we need not reach its merits. App.R. 12(C).
The judgment of the trial court is reversed.
Judgment reversed.
COX, P.J., and O'NEILL, J., concur.
EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.