OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties. Appellant, Cynthia Perry, appeals a decision of the Lake County Court of Common Pleas in an R.C. Chapter 2506 appeal wherein the trial court upheld a decision of appellee, Board of Education, Perry Local School District, terminating her employment as a school bus driver. The following facts are relevant to a determination of this appeal.
Appellant was employed as a bus driver for the Perry Local School District. On August 9, 1997, she was arrested for driving while under the influence of alcohol while in her own personal vehicle and driving during non-working hours. She was relieved of her duties as a bus driver and placed on home assignment. Then, in November 1997, she was suspended without pay or benefits. Shortly thereafter, appellant entered a plea of no contest to the DUI charge and was found guilty by the trial court. Appellant's operator's license was suspended and six points were placed on her driving record, which resulted in the revocation of her bus driver's certificate by the Lake County Educational Service Center. Additionally, appellee's insurance carrier notified it that they would no longer insure appellant as part of the district's fleet coverage. In fact, appellant's exclusion was made a condition of continued insurability for appellee's entire fleet.
On December 16, 1997, appellee adopted a resolution to consider appellant's discharge at a pre-termination hearing due to her uninsurability as a bus driver. The pre-termination evidentiary hearing was conducted on January 12, 1998, by Dr. Robert Geisler, an associate district superintendent of the Perry Local School District. Appellant testified that she had completed a remedial driving course that reduced the points against her license from six to four, and that she had been assessed by a drug and alcohol treatment center as not being chemically dependent. At the conclusion of the hearing, Dr. Geisler invited both sides to submit proposed findings of fact and conclusions of law by January 26, 1998. Appellee did so, but appellant did not.
Dr. Geisler recommended to the superintendent of the school district, Dr. Howard, that appellant be terminated. Dr. Howard, in turn, recommended that appellant be terminated to appellee. On February 2, 1998, appellee agreed and passed a resolution terminating appellant's employment effective February 3, 1998. Appellant timely appealed this decision to the Lake County Court of Common Pleas pursuant to R.C. 3319.081(C). That case was given Case No. 98 CV 000211.
Subsequently, on May 27, 1998, appellant also filed a complaint for breach of contract and negligence against appellee in the Lake County Court of Common Pleas, which was given Case No. 98 CV 000689. Both of these cases were assigned to Judge James W. Jackson. On July 31, 1998, appellee, in Case No. 98 CV 000689, filed a motion to dismiss and/or a motion to consolidate the two cases. Appellant filed a reply agreeing that the cases involved common questions of law and fact and were proper to consolidate. The trial court, however, declined to consolidate the cases.
On March 30, 1999, the trial court, after reviewing the transcript and exhibits from the administrative hearing and the brief filed by appellee affirmed the decision of appellee in Case No. 98 CV 000211. The trial court held that pursuant to Article III, Section E(1), of the collective bargaining agreement between appellant's union and appellee, appellant could be discharged for just cause. By rendering herself uninsurable, appellant provided appellee with just cause to discharge her as one of the implicit conditions of her employment is the requirement that she be an insurable risk.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error. Appellant contends that the trial court erred in affirming appellee's decision to terminate her employment as a bus driver.
It is well established that in an administrative appeal, a common pleas court should not substitute its judgment for that of the administrative board unless the court finds that there is not a preponderance of reliable, probative and substantial evidence to support the board's decision. Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34. "An appeal to the court of appeals * * * is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Id.; see, also, Dudukovich v. HousingAuthority (1979), 58 Ohio St.2d 202, 208.
It is appellant's contention that she had a property interest in continued employment and that she was entitled to due process in the administrative proceedings. Appellant relies on R.C. 3319.081 and the decision of the Supreme Court of Ohio inOhio Assn. of Pub. School Emp., AFSCME, AFL-CIO v. Lakewood CitySchool Dist. Bd. of Edn. (1994), 68 Ohio St.3d 175, to support her claim. Appellant then asserts that the due process requirements were not met in this case because the administrative hearing was not administered by an impartial decision-maker but, rather, by Dr. Geisler who is the Associate Superintendent of the Perry Local Schools. It is appellant's assertion that Dr. Geisler, as an employee of appellee, was both intimately involved and personally interested in the outcome of the administrative proceedings. We reject appellant's argument.
We must presume the validity of an administrative agency's decision and that the decision was reached in a proper manner. West Virginia v. Hazardous Waste Facility Approval Bd. (1986), 28 Ohio St.3d 83, 86. Thus, the appellant in an administrative appeal bears the burden of proving that the hearing examiner was biased, partial, or prejudiced to such a degree that his presence adversely affected the board's decision. Id. In the case sub judice, appellant has failed to prove such bias. Dr. Geisler was not a member of the school board and he could not vote to terminate appellant's employment contract. Appellant has failed to even allege how Dr. Geisler improperly influenced the decision of the board other than his employment relationship.
In similar cases, Ohio courts have been unwilling to find prejudice merely because of an employment relationship between the hearing examiner and the administrative agency. WestVirginia, supra, at 86; and Baughman v. Dept. of Pub. Safety MotorVehicle Salvage (1997), 118 Ohio App.3d 564, 571. Based upon this authority, and the lack of any bias demonstrated in the record, appellant's first argument is overruled. Appellant was afforded a fair and unbiased hearing.
Appellant also argues that her termination violated the terms of the applicable collective bargaining agreement. Specifically, appellant relies on Article XI, Section D, which addresses bus drivers' suspensions. It states:
 "Any driver may be suspended without pay if he/she accumulates more than six (6) moving violation points under the provisions of O.R.C. 4507.021. This suspension shall remain in effect so long as such driver has six (6) or more moving violation points charged against him/her. The exception to this provision of accumulations of more than six (6) moving violation points would be when the bus driver is convicted of Driving While Intoxicated or Driving Under the Influence of Alcohol or Drugs, which would be an automatic suspension until evidence is presented indicating rehabilitation measures have occurred, license has been restored and moving violation points have been reduced to four (4) or less."
 Appellant argues that since she satisfied all rehabilitative measures, had her operator's license restored, and had her points reduced to four in accordance with the terms of the foregoing provision, she is entitled to get her job back. Thus, appellee's decision to terminate her employment violated this employment contract.
However, it is well established that a written contract must be read as a whole when determining its intent. FosterWheeler Enviresponse, Inc. v. Franklin Cty. Convention FacilitiesAuth. (1997), 78 Ohio St.3d 353, 361-362. This rule also applies to collective bargaining agreements. Youngstown State Univ. Assn.of Classified Emp. v. Youngstown State Univ. (1994), 99 Ohio App.3d 199,201-202. In the present case, appellant has overlooked Article III, Section E(1) of the collective bargaining agreement which permits the employer to discipline, suspend, or discharge an employee provided there is just cause. Clearly, the fact that appellant was no longer insurable constituted just cause since, by law, appellee had to make sure its drivers were insured.
Additionally, as a non-teaching employee, appellant was employed under a continuing contract pursuant to R.C. 3319.081. Division (C) of that statute provides that such contracts may be terminated due to:
 "incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance."
 In the instant cause, the evidence established that appellant was uninsurable as a school bus driver under appellee's current insurance policy. R.C. 3327.09
requires that "[t]he board of education of each school district * * * procure for the benefit of its employees who operate a school bus * * * motor vehicle liability insurance for injuries to persons and property." Thus, as the trial court properly pointed out, implicit in the conditions for a school bus driver's employment is the requirement that he or she be an insurable risk. Hence, as the Tenth District Court of Appeals held in Mayes v. Ohio Bur. of Emp. Serv. (1986), 32 Ohio App.3d 68, 69-70, a school bus driver who is refused insurance by the school board's insurer, and is discharged, has been discharged for just cause. See, also, Thornton v. Meigs Local School Dist. Bd. of Edn. (June 15, 1990), Meigs App. Nos. 436, 437, unreported, (1990 WL 85176).
Accordingly, we hold that by rendering herself uninsurable, appellant provided appellee with just cause to terminate her employment contract. A school bus driver that cannot be insured is of no value whatsoever to a school district. The trial court did not err in upholding appellee's decision to terminate appellant's employment as a bus driver. Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ____________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., MAHONEY, J., Ret., Eleventh Appellate District, sitting by assignment, concur.