JOURNAL ENTRY AND OPINION
Christopher J. Herak, relator, commenced this action in quo warranto and mandamus against respondents: the City of Euclid, Lieutenant Stephen Donnally of the Euclid Fire Department, the Euclid Civil Service Commission, and City of Euclid Mayor Paul Oyaski. Relator is challenging Donnally's right to hold the office of lieutenant in the Euclid Fire Department and is seeking Donnally's ouster from, and relator's appointment to, the rank of lieutenant. Respondents moved to dismiss the complaint for failure to state a claim, or, in the alternative, for summary judgment. For the following reasons, we grant respondents' motion.
Relator alleges in his complaint, which is supported by his affidavit, that he has been a firefighter with the Euclid Fire Department for over fifteen years; that his position is in the classified civil service; that in 1998 he and respondent Donnally completed a written examination for promotion to the rank of lieutenant; that on the promotion eligibility list, he was ranked fifth and Donnally was ranked sixth; that by June 2, 2000, when a lieutenant vacancy occurred, relator was next in line on the promotion eligibility list; that on June 13, 2000, the Euclid Civil Service Commission certified Donnally to Mayor Oyaski for appointment to the lieutenant vacancy; and that on June 19, 2000, Donnally was promoted and sworn in to the position of lieutenant with the Euclid Fire Department. Relator contends he is entitled to the lieutenant position and is seeking Donnally's ouster through a writ of quo warranto.
An action in quo warranto is available to a person who is claiming entitlement to a public office. R.C. 2733.06. A public office is distinguished from mere public employment through the delegation to the office holder of some sovereign functions of government, whether legislative, executive or judicial, along with the ability to exercise those powers independent of the direction and control of someone else. State ex rel. Landis v. Board of Commissioners of Butler County (1917),95 Ohio St. 157, 115 N.E. 919; State ex rel. Attorney General v. Jennings (1898), 57 Ohio St. 415, 49 N.E. 404, paragraph two of the syllabus; State ex rel. Grenig v. Cuyahoga County Board of Mental Retardation (1994), 93 Ohio App.3d 98, 637 N.E.2d 954. Absent such delegation of sovereign powers and the ability to exercise those powers independently, the position will not constitute a public office for purposes of the writ of quo warranto. State ex rel. Buian v. Kadlec(1978), 56 Ohio St.2d 116,383 N.E.2d 119; Palmer v. Ziegler (1907), 79 Ohio St. 210, 81 N.E. 234; Grenig, 93 Ohio App.3d 98, 637 N.E.2d 954.
In State ex rel. Attorney General v. Jennings (1898), 57 Ohio St. 415,49 N.E. 404, the Supreme Court of Ohio refused to issue a writ of quo warranto to oust a firefighter below the rank of chief and stated:
 They [firefighters] have no control of the fire department, nor of any of its property for any purpose, other than to use it in the extinguishment of fires whenever the occasion requires. They are subject on all occasions and in whatever they do in the course of their employment, to the direction and control of the chief of the department.
Jennings, 57 Ohio St. at 426. The Court concluded that a firefighter, other than the chief of a fire department, was simply an employee and did not hold a public office. Id.
As noted by relator, the Jennings case was decided in 1898, but regardless of its age, Jennings is not obsolete. Firefighters below the rank of chief remain under the direction and control of the chief and are not instilled with sovereign powers of government. Relator provided no evidence demonstrating how a Euclid Fire Department lieutenant is embodied with the sovereignty of the government or how a lieutenant acts independent of the chief. To the contrary, the General Policies and Procedures contained in Chapter I of the RULES AND REGULATIONS of the Euclid Fire Department, which are attached to relator's brief in opposition, provide examples of the subordinancy of superior officers within the department in having to report to the chief. The department is organized in a quasi-military structure according to relator's exhibit and thus it is unlikely that a lieutenant would not come under the general direction and control of the Chief of the Euclid Fire Department. Consequently, the holding in Jennings, that a firefighter, other than the chief of a fire department, does not hold a public office for purposes of quo warranto, is as binding on this court today as it was over one hundred years ago.
Accordingly, because relator is claiming entitlement to a position that is not a public office, respondents' motion to dismiss, or in the alternative, motion for summary judgment is granted. Relator's request for a writ of mandamus to appoint him to the position of lieutenant is moot since the writ of quo warranto to oust respondent is denied. Costs of this action are to be assessed against relator. The clerk of court is to serve notice upon all parties as provided in Civ.R. 58(B).
Writs denied.
TIMOTHY E. McMONAGLE, P.J., and JAMES D. SWEENEY, J., CONCUR.