JOURNAL ENTRY AND OPINION
{¶ 1} On July 26, 2007, the relator, Gregory Tinnirello, commenced this quo warranto action against the respondents, Christopher Cross and the City of Independence (hereinafter the "City"). Tinnirello, a police officer for the City, seeks to oust Cross from the sergeant's position and have himself promoted. He maintains that because the City improperly calculated Cross' seniority for the position of sergeant, Cross "jumped ahead" of him on the eligibility list. Thus, when the Mayor chose the first three officers on the list, Cross, not Tinnirello, was promoted to sergeant. Tinnirello contends that if the City had properly calculated seniority, he would have been third and promoted.
 {¶ 2} On August 15, 2007, the respondents moved for summary judgment. On September 10, 2007, Tinnirello filed his brief in opposition, and on September 21, 2007, the respondents filed their reply brief. For the following reasons, this court grants the respondents' motion for summary judgment and denies the application for a writ of quo warranto.
 Factual Background {¶ 3} In the Summer of 2006, the City determined that there were three vacancies for the position of police sergeant.[1] Accordingly, the City's Civil Service Commission scheduled the promotional examination for the office of sergeant. It set *Page 4 
the minimum qualification at 12 months experience as a patrol officer. It scheduled the written test for August 12, 2006; this would account for 40 percent of the total score. The Civil Service Commission scheduled the "Assessment Center Evaluation" for September 12-14, 2006, and this would account for 60 percent of the score. Those who passed both the written test and the Assessment Center Evaluation with a minimum score of 70 percent would then be given seniority credit for the final score, which would determine placement on the eligibility list.
 {¶ 4} The written test went as planned; however, the City postponed the Assessment Center Evaluation until October 10-11, 2006.[2] After grading the tests and adding seniority credit, John Kurtz and Daniel Anders placed first and second on the eligibility list. Tinnirello's total score with seniority points was 90.6824. Aside from Cross' score, this was the third best score.
 {¶ 5} Cross' original appointment date on the police force was September 21, 1998. His test scores totaled 84.6328. If the date for determining seniority is either *Page 5 
August 12, 2006, the date of the written exam, or September 12-14, 2006, the originally scheduled dates for the Assessment Center Evaluation, then he would be entitled to 5.8 points for seniority,[3]
which would give him a total score of 90.4328. This would place him fourth on the list, directly behind Tinnirello. However, the Civil Service Commission awarded him an additional 0.6 points for completing his eighth year by the time he passed the Assessment Center Evaluation. Thus, he received 6.4 points for seniority,[4] which gave him a total of 91.0328. This allowed him to displace Tinnirello for the third position on the eligibility list and made Tinnirello fourth. The City does not dispute the accuracies of these figures, and the court accepts them as stipulated facts.
 {¶ 6} A collective bargaining agreement between the City and the Fraternal Order of Police Lodge #67 (FOP) governs the relationship between the parties. Article XVII concerns promotions. Section 17.01 provides in pertinent part as follows: "When in the City's sole determination a vacancy or vacancies exist in the Sergeant or Lieutenant classifications the City shall make such promotional decisions consistent with the following `Rule of Three' procedure. For one (1) vacancy the promotional selection will be made from the three (3) persons standing highest on the Civil Service eligibility list. (1) For 2 to 4 vacancies, add 2 to the *Page 6 
number of vacancies."[5] Therefore, for three vacancies the eligibility list would contain five individuals, and the Mayor, in his sole discretion, could choose any three of the five to fill the vacancies.
 {¶ 7} In the present case, on February 9, 2007, the Mayor selected the top three on the list. In his memorandum to the Chief of Police announcing his decision, the Mayor stated: "It was a difficult decision, so I went with the top three because all came across highly qualified to do the job."
 {¶ 8} The collective bargaining agreement also contains a grievance procedure in Article XIV. Section 14.02 defines a grievance as "a dispute or difference between the City and the FOP, or between the City and the employee concerning the interpretation and/or application of and/or compliance with any provision of the Agreement." The Article further provides for a three-step grievance procedure ending in arbitration. The first step, filing a written grievance with the Chief of Police, must be commenced within five days after the occurrence. It is undisputed that Tinnirello did not file a timely grievance.
 Analysis {¶ 9} Tinnirello argues that the Mayor's memorandum reveals an invariable mindset to select the top three candidates on the list regardless of what the "Rule of *Page 7 
Three" would allow him to do. Therefore, the sole cause for Cross being appointed, as compared to himself, was the Civil Service Commission's improper change of the date to determine seniority. He submits that not only was the date change of the Assessment Center Evaluation improper because it was not announced with a supporting reason, but it is inherently unfair to change the rules in the middle of the game and would allow unprincipled manipulation. But for that change, Tinnirello argues, he would have been promoted.
 {¶ 10} R.C. 2733.06, governing usurpation of office, states the following threshold elements for quo warranto: "A person claiming to be entitled to a public office unlawfully held and exercised by another may bring an action therefor * * *." In the present case, the scope of the "Rule of Three" controls. Cross' appointment is lawful. Even if the Civil Service Commission had not credited Cross with an additional 0.6 seniority points, he would still be on the eligibility list, and any selection from that list is a lawful appointment. Therefore, this court cannot conclude that Cross unlawfully holds the office of sergeant. Cf.Youngstown State Univ. Assn. of Classified Emp. v. Youngstown StateUniv. (1994), 99 Ohio App.3d 199, 650 N.E.2d 167. Tinnirello fails to establish the threshold element that Cross holds the office unlawfully, and thus his claim fails.
 {¶ 11} Additionally, quo warranto will not lie when there is an adequate remedy at law. McArthur; State ex rel. Johnson v. Talikka,71 Ohio St.3d 109, 1994-Ohio-260, 642 N.E.2d 353. Extraordinary relief will not issue when a relator had available *Page 8 
an adequate remedy at law. State ex rel. Sibarco v. City of Berea
(1966), 7 Ohio St.2d 85, 218 N.E.2d 428, cert. denied (1967),386 U.S. 957; Ross v. Saros, 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126; and State ex rel. LTV Steel Company v. Gwin (1992), 64 Ohio St.2d 245,594 N.E.2d 616.
 {¶ 12} In the present case, the grievance procedure provided an adequate remedy at law that now precludes quo warranto.[6] Tinnirello argues as follows: He does not contest the applicability of the "Rule of Three." Rather, his sole complaint is the improper calculation of seniority credit, specifically that the Civil Service Commission changed the date for determining when seniority credit should be given. Because the collective bargaining agreement does not in any way discuss seniority credit or when it should be determined, he claims the wrongdoing is outside the scope of the collective bargaining agreement and, thus, outside the scope of the grievance procedure.
 {¶ 13} This court disagrees. Tinnirello's complaint is inextricable linked to the "Rule of Three." The existence of the eligibility list, the placement on the list, and the reason for selection all relate to the "Rule of Three." Thus, his complaint does concern the application of Article XVII, and Tinnirello's remedy was through the grievance procedure. The existence of that remedy now precludes relief through an extraordinary writ. *Page 9 
 {¶ 14} In conclusion, the material facts of this case are that, regardless of whether Cross received the additional seniority credit, he is properly on the eligibility list. Pursuant to the "Rule of Three," his appointment from the list is lawful, and he lawfully holds the office. Accordingly, Tinnirello cannot fulfill the requirements for a claim of quo warranto. This court grants the respondents' motion for summary judgment and denies the application for a writ of quo warranto. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
COLLEEN CONWAY COONEY, P. J., and ANTHONY O. CALABRESE, JR. J., CONCUR
[1] In State ex rel. McArthur v. DeSouza (1992), 65 Ohio St.3d 25,599 N.E.2d 268, the Supreme Court of Ohio ruled that a police officer of a municipal corporation is a public officer for purposes of quo warranto.
[2] The City maintains that it postponed the Assessment Center Evaluation to allow its testing company, Daniel T. Clancy Associates, to grade the written test and to resolve the officers' protest of test questions. Civil Service Commission Rule IV 10(b) specifically provides for a protest procedure. The City's Chief of Police, John Nicastro, stated in his affidavit that the October date was the earliest date by which both the testing company and the Civil Service Commission could conduct the assessment. Tinnirello asserts in his brief that the City postponed the Assessment Center Evaluation to accommodate another officer's previously scheduled vacation. However, the reason for the postponement is not a genuine issue of material fact. Notwithstanding that Tinnirello has not presented evidence under Civ.R. 56 for the reason for the change, he does not assert that the change in the date for seniority is the result of bad faith. (Pg. 10, Brief in Support of Relator's Complaint in Quo Warranto.) The only material fact is that the City calculated Cross' seniority as of the date of the Assessment Center Evaluation, which was postponed from an earlier date.
[3] The court notes that this is consistent with the 5.8 points for seniority given to Kurtz, who was appointed in May 1999.
[4] This is consistent with the 6.4 seniority points Tinnirello received; his appointment date was February 4, 1998.
[5] The rest of Article XVII is limited in scope. The rest of Section 17.01 specifies how many more names must be added to the eligibility list for additional vacancies. Sections 17.02 and 17.03 specify how many times an individual must be considered for promotion before the name is removed from the eligibility list. The final section, 17.04, provides for a one-year probationary period.
[6] The Rules of the Civil Service Commission apparently do not provide such an adequate remedy. Rule X, Hearings, Procedure, limits hearings and appeals to removal, reduction in pay or position, and suspension. *Page 1