THE STATE EX REL. JACKSON *v.* ALLEN, SPECIAL PROSECUTOR.

[Cite as *State ex rel. Jackson v. Allen* (1992), 65 Ohio St.3d 37.]

(No. 91–1343—Submitted July 29, 1992—Decided October 21, 1992.)

38

*Connelly, Soutar & Jackson* and *Reginald S. Jackson, Jr.*, for relator.

*Catherine D. Goldman*, Special Assistant Prosecuting Attorney, for respondent.

---

*Per Curiam.* In his first proposition of law, Allen argues that Jackson is attempting to substitute this quo warranto action for the appeal of the trial court's order overruling Whitman's motion to dismiss his indictments. Jackson responds that he only challenges the right of Allen to hold the office of special prosecutor and that this action should not be construed as a substitute for an appeal.

Quo warranto relief is not available if a statutory appeal procedure exists. *State ex rel. Hanley v. Roberts* (1985), 17 Ohio St.3d 1, 4, 17 OBR 1, 3, 476 N.E.2d 1019, 1021–1022.

In the underlying criminal cases, Whitman filed a motion to dismiss the indictments. In the motion, he advanced arguments similar to those made in this case. The trial court denied that motion. After this denial, relator Jackson filed the complaint in this case. Defendant Whitman then sought a continuance of the trial until we would decide this quo warranto matter, which the trial court denied. Relator Jackson thereafter applied for a writ of supersedeas in this court to stay the trial. To this application he attached a copy of Whitman's motion for continuance that Whitman had filed in the trial court. According to the motion, " * * * [d]efendant [Whitman] has filed a Motion and Complaint for Quo Warranto, by and through Counsel, in the Supreme Court of Ohio on July 3, 1991, and docketed as Case No. 91–1343, challenging the appointment of the Special Prosecutor, John Allen."

This statement establishes a link between Whitman's criminal cases and this quo warranto action. We conclude that Whitman is trying to quash the indictments through this proceeding rather than appeal the trial court's denial of his motion to dismiss. Since Whitman has an available appeal remedy, we grant Allen's motion for summary judgment and deny the writ for quo warranto.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.