OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Luna, Appellant, v. Russell, Warden, Appellee.
[Cite as Luna v. Russell (1994),          Ohio St.3d        .]
Habeas corpus not available to challenge either the validity or
        the sufficiency of an indictment.
        (No. 94-1125 -- Submitted August 31, 1994 -- Decided
October 19, 1994.)
        Appeal from the Court of Appeals for Allen County, No.
1-94-18.
        Petitioner-appellant, Michael K. Luna, filed a verified
petition for a writ of habeas corpus in the Court of Appeals
for Allen County, alleging that he was being unlawfully
restrained of his liberty by respondent-appellee, Harry K.
Russell, Warden of Lima Correctional Institute.  In support of
his claim, Luna asserted that the sentencing court, the Huron
County Court of Common Pleas, lacked jurisdiction over him
because the grand jury hearings which led to an indictment
against him "were conducted by an intruder and usurper Special
Deputy Sheriff Gregory A. Shell" in violation of R.C. 4705.01.
The court of appeals sua sponte dismissed the petition on the
grounds that the indictment attached to Luna's petition was
signed by the Huron County Prosecuting Attorney and that Luna
was being held pursuant to a judgment entered by a court with
jurisdiction to render that judgment.
        The cause is now before this court upon an appeal as of
right.

        Michael K. Luna, pro se.

        Per Curiam.  Luna asserts that the court of appeals erred
in dismissing his petition for extraordinary relief.
Generally, when the petitioner does not attack the jurisdiction
of the court, habeas corpus will be denied.  R.C. 2725.05;
Stahl v. Shoemaker (1977), 50 Ohio St.2d 351, 4 O.O.3d 485, 364
N.E.2d 286.  However, in certain extraordinary circumstances,
habeas corpus will lie even though jurisdiction is not an
issue, but only where there is no adequate legal remedy, e.g.,
appeal or postconviction relief.  State ex rel. Pirman v. Money
(1994), 69 Ohio St.3d 591, 594-595, 635 N.E.2d 26, 29.

Luna's petition challenged the validity of his indictment, apparently claiming that Shell, an assistant prosecuting attorney, was disqualified from presenting the state's case because of his concurrent status as a "special deputy sheriff." It appears from the indictment attached to Luna's petition that the assistant prosecuting attorney signed for the prosecuting attorney on that document. Luna contended that the special deputy sheriff was an "intruder" and "usurper" in the grand jury proceedings.

Habeas corpus is not available to challenge either the validity, Hammond v. Dallman (1992), 63 Ohio St.3d 666, 590 N.E.2d 744; State v. Wozniak (1961), 172 Ohio St. 517, 522-523, 18 O.O.2d 58, 61, 178 N.E.2d 800, 804, or the sufficiency of an indictment. Wilson v. Rogers (1993), 68 Ohio St.3d 130, 623 N.E.2d 1210. Luna possessed an adequate remedy by direct appeal to raise these contentions. Cf. State ex rel. Jackson v. Allen (1992), 65 Ohio St.3d 37, 599 N.E.2d 696 (writ of quo warranto to remove special prosecutor and to void indictments issued by him denied where adequate remedy existed by postconviction appeal of trial court's decision overruling motion to dismiss indictments).

Accordingly, the judgment of the court of appeals is affirmed.

                            Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., concurs in judgment only.