Luna, Appellant, *v.* Russell, Warden, Appellee.

[Cite as *Luna v. Russell* (1994), 70 Ohio St.3d 561.]

(No. 94–1125—Submitted August 31, 1994—Decided October 19, 1994.)

*Michael K. Luna, pro se.*

*Per Curiam.* Luna asserts that the court of appeals erred in dismissing his petition for extraordinary relief. Generally, when the petitioner does not attack the jurisdiction of the court, habeas corpus will be denied. R.C. 2725.05; *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 4 O.O.3d 485, 364 N.E.2d 286. However, in certain extraordinary circumstances, habeas corpus will lie even though jurisdiction is not an issue, but only where there is no adequate legal remedy, *e.g.,* appeal or postconviction relief. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 594–595, 635 N.E.2d 26, 29.

Luna's petition challenged the validity of his indictment, apparently claiming that Shell, an assistant prosecuting attorney, was disqualified from presenting the state's case because of his concurrent status as a "special deputy sheriff." It appears from the indictment attached to Luna's petition that the assistant prosecuting attorney signed for the prosecuting attorney on that document.

Luna contended that the special deputy sheriff was an "intruder" and "usurper" in the grand jury proceedings.

Habeas corpus is not available to challenge either the validity, *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 590 N.E.2d 744; *State v. Wozniak* (1961), 172 Ohio St. 517, 522–523, 18 O.O.2d 58, 61, 178 N.E.2d 800, 804, or the sufficiency of an indictment. *Wilson v. Rogers* (1993), 68 Ohio St.3d 130, 623 N.E.2d 1210. Luna possessed an adequate remedy by direct appeal to raise these contentions. Cf. *State ex rel. Jackson v. Allen* (1992), 65 Ohio St.3d 37, 599 N.E.2d 696 (writ of quo warranto to remove special prosecutor and to void indictments issued by him denied where adequate remedy existed by postconviction appeal of trial court's decision overruling motion to dismiss indictments).

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.