THE STATE EX REL. JOHNSON, SHERIFF, APPELLANT,
*v.* TALIKKA, SPECIAL PROS. ATTY., APPELLEE.

[Cite as *State ex rel. Johnson v. Talikka* (1994), 71 Ohio St.3d 109.]

(No. 94–1021—Submitted November 1, 1994—Decided December 7, 1994.)

110

*Thomas L. Sartini,* for appellant.

*Talikka, Ischie, Talikka & Wilson* and *Leo J. Talikka,* Special Prosecutor, *pro se.*

*Per Curiam.* Sheriff Johnson asserts in his first proposition of law that quo warranto is the only remedy available in law or equity to challenge the appointment of either a special prosecutor or an assistant prosecutor. The court of appeals denied quo warranto relief on the basis that Sheriff Johnson "has a remedy at law by way of a motion to dismiss, which if overruled by the trial court, may be appealed at the conclusion of the proceedings against him." Extraordinary writs like quo warranto provide extraordinary, not alternative remedies, and they will not lie where there exists an adequate remedy in the ordinary course of the law. *State ex rel. McArthur v. DeSouza* (1992), 65 Ohio St.3d 25, 599 N.E.2d 268; *State ex rel. Buian v. Kadlec* (1978), 53 Ohio St.2d 239, 7 O.O.3d 402, 373 N.E.2d 1260. An alternative remedy is adequate if it is complete, beneficial and speedy. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119, 121.

Crim.R. 12(B)(2) provides that defenses and objections based on defects in the indictment, other than failure to show jurisdiction in the court or to charge an offense, must be raised before trial. In *State ex rel. Jackson v. Allen* (1992), 65 Ohio St.3d 37, 599 N.E.2d 696, a criminal defendant filed a motion to dismiss indictments, alleging that the special prosecutor who had obtained the indictments had been improperly appointed. After the trial court denied the motion to dismiss, the defendant's counsel filed a quo warranto action challenging the right of the special prosecutor to hold that office. We denied a writ of quo warranto based on the following:

" * * * We conclude that Whitman [the defendant in the underlying criminal case] is trying to quash the indictments through this proceeding rather than appeal the trial court's denial of his motion to dismiss. Since Whitman has an available appeal remedy, we grant [the special prosecutor's] motion for summary

judgment and deny the writ for quo warranto." *Id.*, 65 Ohio St.3d at 39, 599 N.E.2d at 697.

Sheriff Johnson contends that *Jackson* is distinguishable because, unlike the criminal defendant in *Jackson*, he has not yet filed a motion to dismiss the indictment which has been overruled in the underlying criminal case. However, the mere fact that Sheriff Johnson has failed thus far to avail himself of this remedy does not render that remedy inadequate; if that were true, this criterion for a writ of quo warranto could be thwarted simply by ignoring it. See *State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.* (1992), 65 Ohio St.3d 348, 350, 603 N.E.2d 1024, 1026, citing *State ex rel. Cartmell v. Dorrian* (1984), 11 Ohio St.3d 177, 178, 11 OBR 491, 492, 464 N.E.2d 556, 558.

Pursuant to *Jackson*, where the appointment of a special prosecutor like Talikka is challenged by a defendant in an underlying criminal case, quo warranto relief is precluded because of the available, adequate remedies of a motion to dismiss the indictment with an appeal if the motion is overruled and the defendant is convicted. Other cases have recognized the propriety of these remedies to challenge the appointment of a special prosecutor in a criminal proceeding. *State v. Warner* (1990), 55 Ohio St.3d 31, 41–45, 564 N.E.2d 18, 29–33; *State v. Ross* (1982), 6 Ohio App.3d 25, 6 OBR 76, 452 N.E.2d 339. Extraordinary relief is not available to challenge either the validity or sufficiency of an indictment. See *Luna v. Russell* (1994), 70 Ohio St.3d 561, 639 N.E.2d 1168.

Sheriff Johnson further contends that *State ex rel. Williams v. Zalesky* (Dec. 8, 1982), Lorain App. No. 3364, unreported, 1982 WL 5178, *required* him to challenge Talikka's appointment via quo warranto rather than by motion to dismiss or appeal. However, *Jackson* is controlling. Accordingly, Sheriff Johnson's first proposition of law lacks merit.

Sheriff Johnson asserts in his remaining propositions of law that the court of appeals erred in holding that the common pleas court did not abuse its discretion by appointing Talikka to act as a special prosecutor. However, since Sheriff Johnson's first proposition is manifestly without merit, his remaining contentions on appeal are moot and need not be addressed.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.