Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 HTML Code Â© State Bar of South Dakota, 1999
LEONARD McELHANEY,
Plaintiff and Appellee,
v.
RUSSELL ANDERSON
and City of Edgemont,
Defendants and Appellants.
[1999 SD 78]
South Dakota Supreme Court
Appeal from the Seventh Judicial Circuit, Fall River County, SD
Hon. Janine Kern, Judge
#20681--Reversed
Patrick M. Ginsbach, Farrell, Farrell & Ginsbach, Hot Springs, SD
Attorneys for Plaintiff and Appellee.
Ted W. Hinesley, Edgemont, SD
Attorneys for Defendants and Appellants.
Considered on Briefs Apr 26, 1999; Opinion Filed Jun 30, 1999
GILBERTSON, Justice.
[Â¶1] Former City official of the City of Edgemont sought and obtained a writ of quo warranto claiming City had unlawfully usurped him from the position of Street and Water Commissioner. The trial court, Seventh Judicial Circuit, Fall River County, issued a judgment in favor of the former Commissioner, restoring him to this office. The City appeals. We reverse and remand.
FACTS AND PROCEDURE 
[Â¶2] Leonard McElhaney (McElhaney) challenges, via a writ of quo warranto, the appointment of Russell Anderson (Anderson) as the Street and Water Commissioner (Commissioner) for the City of Edgemont (City). From 1977 until the spring of 1998 McElhaney held that position. During the spring of 1998, City considered major changes in its municipal ordinances, which would have abolished the position of Water Commissioner held by McElhaney and substitute it with four new managerial positions. In the alternative, City considered retaining the Commissioner position but replacing McElhaney with Anderson.
[Â¶3] McElhaney challenged the legal right of City to replace him with Anderson as Commissioner, to terminate the Commissioner position in the manner it had done, as well as the procedures engaged in by the City Council in its attempts to amend the applicable ordinances. He did so by filing a grievance with City, which was authorized under City's personnel policy. When personnel policy procedures which involved meetings with various City officials proved unsuccessful, McElhaney appealed his grievance to the South Dakota Department of Labor as is authorized under the personnel policy. This proceeding is still apparently pending at this time.
[Â¶4] During this same time period, McElhaney also sought a writ of quo warranto from the circuit court declaring him to be entitled to the position of Commissioner rather than Anderson and that the office of Commissioner still legally existed. After a trial on the merits, the circuit court agreed with McElhaney and declared him to be the person legally entitled to the Commissioner office.
[Â¶5] City appeals the writ of quo warranto raising several issues, one of which is dispositive:


Whether the trial court had jurisdiction over this issue through a writ of quo warranto.
STANDARD OF REVIEW 
[Â¶6] The correctness of McElhaney's claim for a writ of quo warranto is clearly a question of law. We review questions of law de novo, without deference to the decision of the trial court. In re Estate of O'Keefe, 1998 SD 92, Â¶7, 583 NW2d 138, 139.


This Court reviews a trial court's findings of fact under the 'clearly erroneous' standard and overturns a trial court's conclusions of law only when the trial court erred as a matter of law. Century 21 Associated Realty v. Hoffman, 503 NW2d 861, 864 (SD 1993) (citations omitted). "The question is not whether this Court would have made the same finding that the trial court did, but whether on the entire evidence we are left with a definite and firm conviction that a mistake has been committed." Id. (citations omitted). Questions of law are reviewed de novo. City of Colton v. Schwebach, 1997 SD 4, Â¶8, 557 NW2d 769, 771. "This Court interprets statutes under a de novo standard of review without deference to the decision of the trial court." In re Estate of Jetter, 1997 SD 125, Â¶10, 570 NW2d 26, 28.
Id.
ANALYSIS AND DECISION 
[Â¶7] Whether the trial court had jurisdiction over this issue through a writ of quo warranto.
[Â¶8] The writ of quo warranto is derived from the old English practice of inquiring by what authority the king supported his claim. Black's Law Dictionary 1417 (4th ed 1957). In more recent times, it has also been used to command a public officer to show "by what warrant he exercises such a franchise, having never had any grant of it, or having forfeited it by neglect or abuse." Id. "[W]e have held that quo warranto is the proper proceeding to determine title to and possession of a public office." Burns v. Kurtenbach, 327 NW2d 636, 638 (SD 1982); see also Cummings v. Mickelson, 495 NW2d 493 (SD 1993). "A judgment in quo warranto shall be rendered upon the right of the defendant, or both upon the right of the defendant and upon the right of the party alleged to be entitled to office, as justice shall require." Burns, 327 NW2d at 639.
[Â¶9] In South Dakota the common-law writ of quo warranto has been statutorily recognized. SDCL ch 21-28 provides for the remedy of writ of quo warranto. Any person may bring a writ of quo warranto:


(1) When any person shall usurp, intrude into, or unlawfully hold or exercise any public office ... ;
(2) When any public officer ... shall have done or suffered an act which, by the provisions of law, shall make a forfeiture of his office[.]
SDCL 21-28-2.
[Â¶10] City claims the writ is not proper in this case because McElhaney had other adequate legal remedies, that being his grievance with the Department of Labor. We agree with the City.
[Â¶11] This Court has never directly considered the question of whether an action for a writ of quo warranto may lie when alternative remedies are available.(1)  However, a review of persuasive authority from other jurisdictions and South Dakota case law concerning other extraordinary writs leads us to the conclusion that a writ of quo warranto, also being an extraordinary writ, should not be granted when an adequate alternative remedy is available.
[Â¶12] Other jurisdictions have noted that a writ of quo warranto is an extraordinary writ. State v. Talikka, 642 NE2d 353 (Ohio 1994). "Extraordinary writs like quo warranto provide extraordinary, not alternative remedies, and they will not lie where there exists an adequate remedy in the ordinary course of the law." Id. at 354 (citations omitted); see also State v. Village of Mound, 48 NW2d 855, 861 (Minn 1951) ("Where the party aggrieved may obtain full and adequate relief in either a common-law or equitable action, a writ of quo warranto is not available."); Stenberg v. Murphy, 527 NW2d 185, 190 (Neb 1995) ("[Q]uo warranto will not lie where there is another adequate remedy at law or equity."); State v. Allen, 599 NE2d 696, 697 (Ohio 1992) ("Quo warranto relief is not available if a statutory appeal procedure exists").
[Â¶13] We have said in administrative law cases any judicial relief will require the exhaustion of administrative remedies, such as an appeal from a final agency decision, before an extraordinary writ may be issued. Rapid City Area Sch. Dist. v. de Hueck, 324 NW2d 421, 422-3 (SD 1982). This is because any claim for judicial relief, concerning a cause over which an administrative agency has jurisdiction, constitutes a jurisdictional defect to the claim for judicial relief. Jansen v. Lemmon Federal Credit Union, 1997 SD 44, Â¶7, 562 NW2d 122, 124 (citing Matter of Notice & Demand to Quash, etc., 339 NW2d 785, 786 (SD 1983)). In addition, any claim over which an administrative agency had jurisdiction that is raised and rejected by the agency, is subsequently barred from being retried on the merits in the courts under the doctrine of res judicata. Johnson v. Kolman, 412 NW2d 109, 113 (SD 1987).
[Â¶14] In Sorenson v. Rickman, 486 NW2d 259, 261 (SD 1992), we held that SDCL 15-6-52(a) requires findings of fact before extraordinary relief may issue that a person seeking an extraordinary writ is without any other plain, speedy and adequate remedy in the ordinary course of law. However, here the trial court did exactly the opposite by entering detailed findings of fact and conclusions of law concluding that McElhaney had enforceable rights under the City grievance policy and he had not waived them.
[Â¶15] In South Dakota Bd. of Regents v. Heege, 428 NW2d 535 (SD 1988), we were faced with a similar question as is now before us.(2)  There the circuit court issued a writ of prohibition against the Board of Regents based on a claim by a teachers' union that the Regents were guilty of unfair labor practices. Id. at 536. We reversed, holding a writ of prohibition is an extraordinary remedy reserved for situations where the applicant has no other remedy in the ordinary course of law. Id. at 539. We held that jurisdiction would ordinarily initially rest with the Department of Labor under the Administrative Procedures Act except in certain instances which were not applicable. Id. Those exceptions are no more applicable in the case now before us than they were in Heege.(3)  We concluded in Heege that the writ of prohibition should be quashed and any disputes considered by the Department of Labor. Id. Allowing the case to proceed through administrative avenues conserves judicial resources and is in accord with our duty to harmonize relations with executive branch agencies operating under legislative authority. Id.(4) 
[Â¶16] In this case an adequate, alternative remedy exists. McElhaney has already initiated a grievance that is now under the jurisdiction of the South Dakota Department of Labor. It clearly is an unwise waste of judicial resources to allow two independent proceedings to simultaneously go forward where the relief sought in both is the same. There is further the possibility of inconsistent results in the two proceedings. Therefore, we hold, as this writ is extraordinary and adequate alternative remedies are available in this case, McElhaney should pursue his grievance through the Department of Labor and not with a writ of quo warranto. We reverse and remand to the trial court with instruction to quash the writ.
[Â¶17] MILLER, Chief Justice, and AMUNDSON and KONENKAMP, Justices, concur.
[Â¶18] SABERS, Justice, dissents.
SABERS, Justice (dissenting).
[Â¶19] I would affirm the trial court on the basis that "failure of the municipality to comply with any time limitations shall constitute a settlement of the grievance in accordance with the requested remedy," and on the basis of the trial court's conclusions of law II, IX, XIII, XIV, XV, XVI, XVII, and XVIII:
II. 


That the action taken by the Edgemont City Council on May 4, 1998, regarding the appointment of Russell Anderson was done in violation of the Open Meetings law, SDCL 1-25-1.1, and as such the appointment is not valid.
... 
IX. 
That the City, by the Utilities Committee's failure to act within the prescribed time limitation upon the Plaintiff's grievance following the May 4, 1998 City Council meeting, waived its right to contest Plaintiff's grievance.
... 
XIII. 
That McElhaney cannot be removed as Street and Water Commissioner except at the first regular meeting of the City Council for the City of Edgemont, following the general election.
XIV. 


That Plaintiff is entitled to the difference between the pay he has received following the action of the City Council on June 22nd and what his pay would have been as Street and Water Commissioner and Utilities Superintendent on the date he is restored to that position.
XV. 
That Russell Anderson is not entitled to the office of Street and Water Commissioner and is ousted from such office.
XVI. 
That Russell Anderson is not entitled to the office of Utilities Superintendent and is ousted from that office.
VII. 
That Leonard McElhaney is entitled to the office of Street and Water Commissioner and shall be put in possession of that office.
XVIII. 
That Leonard McElhaney is entitled to the office of Utilities Superintendent and shall be put in possession of that office.
[Â¶20] To do anything else would "clearly [be] an unwise waste of judicial resources."
Footnotes
1.  However, in Burns, this Court held that the remedies of quo warranto and election contest are cumulative and the existence of one does not preclude relief under the other. 327 NW2d at 638. 
2.  We have consistently held to the position that extraordinary writs are not to be issued where the applicant has another remedy at law. Cummings, 495 at 495-6 (writ of prohibition); Tibbetts v. State, 336 NW2d 658 (SD 1983) (no writ of habeas corpus available where the administrative procedures provides an alternate remedy); Dollard v. Hughes County Commissioners, 1 SD 292, 46 NW 1127 (1890) (writ of certiorari). 
3.  Those exceptions are:


(1) Exhaustion is not required where a person, through no fault of his own, does not discover the purported wrong until after the time for application of administrative relief.
(2) Exhaustion is not required where the agency fails to act.
(3) Exhaustion is not required where the agency does not have jurisdiction over the subject matter or parties.
(4) Exhaustion is not required where the board having appropriate jurisdiction has improperly made a decision prior to a hearing or is so biased that a fair and impartial hearing cannot be had.
(5) Exhaustion is not required in extraordinary circumstances where a party faces impending irreparable harm of a protected right and the agency cannot grant adequate or timely relief.
Heege, 428 NW2d at 539. 
4.  Compare with South Dakota Ed. Ass'n v. Barnett, 1998 SD 84, Â¶9, 582 NW2d 386, 390, where we held exhaustion was not required as there were no allegations of unfair labor practices and the issue raised was that of the constitutionality of a statute. We noted that two doctrines are involved in consideration of these types of issues:
'Exhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course. 'Primary jurisdiction,' on the other hand, applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views. United States v. Western P.R. Co., 352 US 59, 63-4, 77 SCt 161, 165, 1 LEd2d 126, 132.
As a writ of quo warranto cannot be issued where the applicant has a plain, speedy and adequate remedy at law, in the case now before us the exhaustion principle is applicable rather than primary jurisdiction.