OPINION
Petitioner Vincent Esway appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which dismissed his action for a writ of habeas corpus brought against respondent Margaret Bagley, successor to Warden Betty Mitchell of the Mansfield Correctional Institution. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT ERRED IN DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS BECAUSE SAID DISMISSAL FAILED TO ADDRESS THE ISSUE BEFORE THAT COURT.
 ASSIGNMENT OF ERROR NO. 2: THE ORIGINAL TRIAL COURT FAILED TO ESTABLISH JURISDICTION IN THE ORIGINAL CRIMINAL PROSECUTION OF THIS CASE IN STARK COUNTY.
Appellant is incarcerated in Mansfield Correctional Institution, having been convicted and sentenced for aggravated murder with a firearm specification in Stark County Common Pleas Case Number 92CR24552. On direct appeal, this court affirmed appellant's conviction and sentence in State v. Esway (September 20, 1993), Stark App. Nos. CA9118 and CA9190, unreported. The Ohio Supreme Court did not accept the case for review, see State v. Esway (1994), 69 Ohio St.3d 1406. This court also affirmed the trial court's rejection of appellant's motion for post conviction relief in State v. Esway (February 1, 1999), Richland App. No. 1998CA00251, unreported. Again the Supreme Court declined to review our decision. Appellant then filed a petition for writ of habeas corpus in federal court, but the district court dismissed his petition. Appellant's present action for writ of habeas corpus challenged the jurisdiction of the trial court based on appellant's claimed illegal indictment by the Stark County Grand Jury. The trial court dismissed appellant's petition citing Luna v. Russell (1994), 70 Ohio St.3d 561, wherein the Ohio Supreme Court found habeas corpus is not available to challenge the sufficiency of an indictment, but rather, that issue must be raised on direct appeal. We find the trial court did not err in dismissing appellant's petition. Accordingly, both assignments of error are overruled in whole.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
WISE, J., and WISE, V.J., CONCUR.