OPINION
This appeal is brought by Roger D. Thompson, pro se, from the judgment of the Court of Common Pleas, Marion County, dismissing his petition for writ of habeas corpus.
The record presents the following facts. On May 27, 1999 the Marion County Grand Jury returned an indictment charging the petitioner-appellant, Roger Thompson (Thompson), with five counts of rape, two counts of sexual battery, and one count of gross sexual imposition. On July 23, pursuant to a plea agreement, Thompson entered guilty pleas to two reduced charges of attempted rape, two counts of sexual battery, and one count of gross sexual imposition. On July 28, 1999, Thompson was sentenced to an aggregate sentence of seven years incarceration.
On November 15, 2000 Petitioner-Appellant, pro se, filed his first petition for writ of habeas corpus with the Marion County Court of Common Pleas alleging that his indictment was defective because the grand jury foreman failed to subscribe the words "true bill" along with his signature on the indictment. On November 21, 2000 the trial court suasponte dismissed the action finding that Thompson had adequate alternative remedies available to raise the validity or sufficiency of his indictment. This court had occasion to hear the appeal on trial court's decision in that matter and on March 15, 2001 affirmed the judgment of the trial court.
On or about September 7, 2001 Thompson filed, pro se, his second petition for writ of habeas corpus with the Marion Court of Common Pleas, again alleging defects in his original indictment. On September 25, 2001 the trial court found this claim to be Res Judicata as Thompson had failed to assert it in his prior petition for writ of habeas corpus.
Appellant raises the following assignments of error:
 The court erred in dismissing the petitioner-appellant's habeas corpus in using the word Res Judicata, claiming it to be the same as the previous habeas corpus.
 The indictment of the petitioner-appellant does not contain the essential elements to constitute the charge, and without the essential elements the court lacks jurisdictions of the subject matter.
In his first assignment of error, Thompson alleges that the trial court erred when it dismissed his second petition for writ of habeas corpus on grounds that the issue was res judicata, a thing already judged.
The Doctrine of Res Judicata provides that the final judgment of a court is conclusive against the same parties in any further identical cause of action between the parties. See Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108; Krahn v. Kinney (1989), 43 Ohio St.3d 103,107; Norwood v. McDonald (1943), 142 Ohio St. 299; 46 American Jurisprudence 2d (1994) 780, Judgments, Section 516.
Thompson, in his first petition for writ of habeas corpus, attacked the sufficiency of his indictment. The trial court dismissed the petition holding that direct appeal, not habeas corpus, was the proper vehicle for challenging the sufficiency of an indictment.
In his second petition for writ of habeas corpus now before this court on appeal, Thompson again attacks the sufficiency of the indictment. The trial court, having already determined that the sufficiency of an indictment may not be raised in an action for writ of habeas corpus, dismissed the petition as res judicata. We agree with the trial court that Thompson is bound by the trial court's ruling in the first petition. Accordingly, the first assignment of error is overruled.
In his second assignment of error Thompson attacks the sufficiency of his indictment. As the trial court has already indicated on two occasions, it is the well-established law of Ohio that a petition for writ of habeas corpus is not available to challenge the validity or sufficiency of an indictment. Luna v. Russell (1995), 70 Ohio St.3d 561,Hammond v. Dallman (1992), 63 Ohio St.3d 666, State v. Wozniak (1961),172 Ohio St. 517, 522-523, Wilson v. Rogers (1993), 68 Ohio St.3d 130. We therefore overrule Thompson's second assignment of error.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Marion County be, and hereby is, AFFIRMED.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.