OPINION
This is an original action in which petitioner, Ronald D. Strzala, sought his release from the Lake Erie Correctional Institution. As the primary grounds for his petition in habeas corpus, petitioner asserted that his incarceration in the state prison had been illegal because: (1) his conviction in the Cuyahoga County Court of Common Pleas for aggravated vehicular assault and driving while under the influence had been predicated on an invalid indictment; and (2) the revocation of his probation in a second criminal proceeding had been based on an invalid judgment entry.
After respondent, Warden Richard Gansheimer, had moved to dismiss the habeas corpus petition, this court rendered a judgment entry in which we noted that the merits of this action may have become moot because petitioner had been released from the state prison. Specifically, our judgment entry noted that, in responding to the motion to dismiss, petitioner had expressly indicated that he was presently living at a private residence in Parma, Ohio.
In now submitting a new response to the judgment entry, petitioner again admits that he is no longer in respondent Gansheimer's custody and is living in Cuyahoga County. Despite this, petitioner maintains that the merits of his petition should still be reviewed because he is now subject to post-release control. He essentially argues that if we were to conclude that he should have never been required to serve his sentence in the two underlying criminal cases, we could order the Cuyahoga County authorities to remove certain restraints on his liberty under the post-release control.
The Supreme Court of Ohio has consistently stated that the merits of a habeas corpus claim are usually rendered moot when the petitioner in such an action has been released from the prison or jail. Larsen v. State,92 Ohio St.3d 69, 2001-Ohio-133. In light of this general holding, this court has concluded that actual incarceration in a jail is a prerequisite to the granting of the writ; i.e., if a petitioner is not in the custody of the warden or jailor, the legality of the underlying conviction cannot be challenged in a habeas corpus action. Petrowski v. State (June 30, 1999), 11th Dist. No. 98-L-057, 1999 Ohio App. LEXIS 3053. In turn, it has been held that a writ of habeas corpus will not lie when a petitioner is only subject to post-release control because the type of restraint involved in post-release control is not sufficient to satisfy the "incarceration" requirement. Harrod v. Harris (May 11, 2001), 1st Dist. No. C-000791, 2001 Ohio App. LEXIS 2092.
Under the foregoing authority, petitioner in the instant case can no longer assert a viable claim in habeas corpus because his confinement in a state prison has ended. However, even if this court could invalidate the imposition of post-release control in the context of a habeas corpus action, we would not have the ability to do so in this particular case. When petitioner was being held in the Lake Erie Correctional Institution, we would have had the power to order his release because the prison is located within our territorial jurisdiction. In contrast, now that petitioner is living in Cuyahoga County, we could not grant petitioner any relief because we lack the power to order the Cuyahoga authorities to terminate his post-release control.
Once the a habeas corpus claim has been rendered moot, a court can only consider its merits if the issues raised in the claim will always evade judicial review in all subsequent cases. Larsen. In the instant case, the issues asserted by petitioner will not always evade review because such issues can be considered in either a direct appeal or a proper motion before the trial court in the underlying actions. Stated differently, petitioner could have obtained timely review of his two issues if he had pursued other adequate legal remedies.
In addition, this court would emphasize that neither of the issues raised in the instant habeas corpus petition present unique questions of law which should be fully addressed for the purpose of providing guidance for future cases. Thus, we concluded that the issues raised by petitioner do not warrant an advisory opinion.
Finally, this court would note that even if the merits of petitioner's claim were still ripe for review, he still would not have prevailed in this action. In relation to his "indictment" issue, we would indicate that it is well settled under Ohio law that the validity of an indictment cannot be challenged in a habeas corpus action because such an issue should be raised in a direct appeal from the conviction. State ex rel.Beaucamp v. Lazaroff, 77 Ohio St.3d 237, 1997-Ohio-277; Luna v. Russell,70 Ohio St.3d 561, 1994-Ohio-264. In regard to the "signature" issue, it has been held that the lack of a signature cannot form the basis of a viable habeas corpus claim because such a defect does not affect a trial court's jurisdiction and can be remedied through a motion before the trial court requesting that a proper judgment be issued. Collier v.Gansheimer, 11th Dist. No. 2001-A-0087, 2002-Ohio-1054.
As the merits of the instant habeas corpus claim are now moot, it is the sua sponte order of this court that petitioner's habeas corpus petition is hereby dismissed as to both respondents.
FORD, P.J., CHRISTLEY, GRENDELL, JJ., concur.