THE STATE EX REL. FOGLE, APPELLANT, *v.* VILLAGE
OF CARLISLE ET AL., APPELLEES.

[Cite as *State ex rel. Fogle v. Carlisle,*
99 Ohio St.3d 46, 2003-Ohio-2460.]

(No. 2002–2238—Submitted May 14, 2003—Decided May 16, 2003.)

**Per Curiam.**

{¶ 1} Appellee, the village of Carlisle, Ohio, employed appellant, Brad Fogle, as a police sergeant. After being advised that termination proceedings would be brought against him if he did not resign, Fogle submitted his resignation in March 1999. When the village refused to permit Fogle to rescind his resignation, he filed a complaint in the Warren County Court of Common Pleas.

{¶ 2} As part of his subsequently amended complaint, Fogle attempted to appeal from the termination of his employment by the village pursuant to R.C. 2506.01. The common pleas court granted the village's motion and dismissed that portion of Fogle's complaint under Civ.R. 12(B)(6). The common pleas court granted Fogle's request for Civ.R. 54(B) certification, and on appeal, the court of appeals reversed and remanded the cause to the common pleas court. *Fogle v. Carlisle* (Dec. 11, 2000), Warren App. No. CA2000–04–037, 2000 WL 1819118.

{¶ 3} The court of appeals, after "[p]resuming [that] all factual allegations in the complaint are true and drawing all inferences in [Fogle's] favor," determined

that the common pleas court erred in finding that Fogle's resignation was effective and that he was therefore not entitled to appeal under R.C. 2506.01. Id. We did not allow the village's discretionary appeal from the court of appeals' judgment. *Fogle v. Carlisle* (2001), 91 Ohio St.3d 1508, 746 N.E.2d 611.

{¶ 4} In September 2002, Fogle applied in the court of appeals for leave to file a complaint for a writ of quo warranto, or in the alternative a writ of mandamus, against appellees, including the village. Through the application and attachments, Fogle sought reinstatement to his former position as village police sergeant and back pay and benefits. Appellees moved to strike or, alternatively, to dismiss Fogle's application and complaints.

{¶ 5} In November 2002, the court of appeals denied Fogle's application and dismissed the cause.

{¶ 6} In his appeal as of right, Fogle asserts that the court of appeals erred in not granting him either the requested writ of quo warranto or the writ of mandamus to reinstate him to his former position as a village police sergeant. Fogle claims that he has a clear legal right to reinstatement because of the court of appeals' judgment in his previous appeal.

{¶ 7} We find that Fogle's claim lacks merit. The court of appeals' previous determination that the common pleas court erred in dismissing his administrative appeal under Civ.R. 12(B)(6) was not an ultimate resolution of the issue. Instead, the court of appeals merely applied the appropriate Civ.R. 12(B)(6) standard, which presumed the truth of all material factual allegations in Fogle's complaint and all reasonable inferences therefrom in Fogle's favor. See, e.g., *State ex rel. Hummel v. Sadler,* 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 20.

{¶ 8} Because there has not yet been any final determination that Fogle was wrongfully terminated from his employment with the village, he is not entitled to reinstatement. See, e.g., *State ex rel. Baker v. State Personnel Bd. of Rev.* (1999), 85 Ohio St.3d 640, 644, 710 N.E.2d 706. Therefore, Fogle's reliance on the law-of-the-case doctrine and res judicata is unavailing.

{¶ 9} Moreover, neither mandamus nor quo warranto will issue if there is a plain and adequate remedy in the ordinary course of the law. See *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.,* 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 6; R.C. 2731.05; *State ex rel. Johnson v. Talikka* (1994), 71 Ohio St.3d 109, 110, 642 N.E.2d 353. Fogle has an adequate remedy at law through his civil service appeal. See *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Developmental Disabilities* (1995), 72 Ohio St.3d 205, 209, 648 N.E.2d 823.

{¶ 10} Finally, Fogle's quo warranto claim is barred by R.C. 2733.35 because he brought his action more than three years after his cause of action arose. *State*

48

*ex rel. E. Cleveland Fire Fighters' Assn., Local 500, Internatl. Assn. of Fire Fighters v. Jenkins*, 96 Ohio St.3d 68, 2002-Ohio-3527, 771 N.E.2d 251, ¶ 13.

{¶ 11} Therefore, the court of appeals correctly dismissed Fogle's claims. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

COOK, J., dissents.

---

Dwight D. Brannon & Associates and Dwight D. Brannon, for appellant.

Nicholas E. Subashi and Lynette Pisone Ballato, for appellees.