OPINION
{¶ 1} Appellant Jesus Ramirez appeals the decision of the Richland County Court of Common Pleas challenging the trial court's dismissal of his writ of habeas corpus. The following facts give rise to this appeal.
 {¶ 2} In January 2001, the Franklin County Grand Jury indicted appellant for possession of marijuana in an amount in excess of twenty thousand grams. This matter proceeded to a jury trial and following deliberations, the jury found appellant guilty as charged in the indictment. On June 22, 2001, the trial court sentenced appellant to eight years in prison.
 {¶ 3} On February 24, 2005, appellant filed a petition for writ of habeas corpus, with the trial court, alleging the Franklin County Court of Common Pleas lacked jurisdiction to sentence him to an eight-year prison term. Appellant based his claim upon an allegedly invalid complaint filed against him in the Franklin County Municipal Court. Appellee moved to dismiss the petition for failure to state a claim upon which relief could be granted under Civ.R. 12(B)(6), or, in the alternative, for lack of merit.
 {¶ 4} On June 3, 2005, the trial court granted appellee's motion to dismiss finding appellant failed to state a claim upon which relief could be granted. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. THE RICHLAND COUNTY COMMON PLEAS COURT ABUSED ITS DISCRETION AND DENIED THE PETITIONER/APPELLANT EQUAL PROTECTION OF LAWS, AND DUE PROCESS OF LAW, WITHIN THE MEANING OF THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, OHIO CONSTITUTION BILL OF RIGHTS: ARTICLE 1, § 2, AND 16, WHEN THE HEARING JUDGE JAMES D. HENSON, DISMISSED THE PETITIONER'S/APPELLANT'S STATE HABEAS CORPUS UPON FINDINGS NOT SUPPORTED BY THE RECORD."
 I {¶ 6} In his sole assignment of error, appellant maintains the trial court abused its discretion when it dismissed his petition for writ of habeas corpus. We disagree.
 {¶ 7} In support of this assignment of error, appellant contends he is entitled to a writ of habeas corpus because the complaint filed in the Franklin County Municipal Court, by a police officer, was not signed before a notary public. Therefore, appellant concludes the municipal court did not properly obtain jurisdiction over him and that when his case was bound over to the common pleas court, the municipal court was unable to transfer jurisdiction to the common pleas court. As such, the common pleas court lacked jurisdiction to convict him of the charge of possession of marijuana.
 {¶ 8} Appellant attacks the indictment on the basis that neither the municipal court nor the common pleas court properly acquired jurisdiction over him. The Ohio Supreme Court has previously held that extraordinary remedies, such as habeas corpus, are not proper for attacking indictments. See State exrel. Johnson v. Talikka (1994), 71 Ohio St.3d 109, 1994-Ohio-260
and Luna v. Russell (1994), 70 Ohio St.3d 561, 1994-Ohio-264. Specifically, in the Luna case, the Court stated that:
 {¶ 9} "Habeas corpus is not available to challenge either the validity * * * or the sufficiency of an indictment. * * * Luna possessed an adequate remedy by direct appeal to raise these contentions." Id. at 562.
 {¶ 10} In the case sub judice, because appellant sought to challenge the validity of the indictment, the trial court properly granted appellee's motion to dismiss.
 {¶ 11} Appellant's sole assignment of error is overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs assessed to Appellant.