[Cite as *State ex rel. Arroyo v. Sloan*, 2014-Ohio-3770.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. FLOR ARROYO, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | **CASE NO. 2014-A-0037** |
| | : | |
| - vs - | : | |
| | : | |
| BRIGHAM SLOAN, WARDEN, | : | |
| | : | |
| Respondent. | | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Flor Arroyo*, pro se, PID# A624-776, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM

{¶1} Pending before this court is the Petition for Writ of Habeas Corpus, filed by Flor Arroyo, a prisoner in the custody of the respondent, Brigham Sloan, Warden of Lake Erie Correctional Institution, in Conneaut, Ohio. For the reasons stated more fully below, Arroyo's Petition is procedurally defective, fails to state a valid claim for relief, and is, hereby, dismissed.

{¶2} Arroyo filed his Petition on June 19, 2014. Attached thereto were an Affidavit of Indigency and an Indictment, charging Arroyo and others with multiple counts of Trafficking, Drug Possession, Possessing Criminal Tools, and Having Weapons Under Disability.

{¶3} On July 7, 2014, Arroyo filed an Affidavit as to Civil Actions Filed in the Past Five Years.

{¶4} On July 14, 2014, Sloan filed a Respondent's Motion to Dismiss.

{¶5} On July 25, 2014, Arroyo filed Objections to Respondent's Motion to Dismiss.

{¶6} "Application for the writ of habeas corpus shall be by petition, * * * and * * * [a] copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." R.C. 2725.04(D).

{¶7} The failure to attach a copy of the commitment or cause of detention renders the petition "fatally defective and subject to dismissal." *Fugett v. Turner*, __ Ohio St.3d __, 2014-Ohio-1934, __ N.E.2d __, ¶ 2; *State ex rel. Milner v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 567, 568, 722 N.E.2d 72 (2000) ("the fatal defect caused by [petitioner's] failure to attach commitment papers to his petition was not cured by any subsequent submission of these papers").

{¶8} Arroyo's attachment of his Indictment to the Petition does not satisfy R.C. 2527.04(D), in that the Indictment does not demonstrate "how the commitment was procured." *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992). Accordingly, the Petition is subject to dismissal.

2

{¶9} "If an inmate who files a civil action * * * against a government entity * * * seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency * * * contain[ing] * * * [a] statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier; [and] [a] statement that sets forth all other cash and things of value owned by the inmate at that time." R.C. 2969.25(C).

{¶10} Arroyo's failure to include a certified statement of the balance in his inmate account with his Affidavit of Indigency cannot be cured by subsequent filing. *Hazel v. Knab*, 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1. Accordingly, the Petition is subject to dismissal.

{¶11} Assuming, arguendo, Arroyo's Petition were properly before this court, it fails to state a claim upon which relief could be granted. The Petition asserts that "the charging instrument * * * must contain reference to valid venue," or else "there is no subject matter jurisdiction to try one for an offense." Arroyo argues that, since the Indictment purportedly did not establish venue, he "was never legally charged with any crime or lawfully convicted * * * and Petitioner is entitled to his immediate release from further false imprisonment." Arroyo's position is legally and factually unsound.

{¶12} As a legal matter, "[i]t is well established that venue is neither jurisdictional nor a material element of any crime." *State v. Hendrix*, 11th Dist. Lake No. 2011-L-043, 2012-Ohio-2832, ¶ 87 (cases cited). The failure to establish venue in the Indictment would not deprive the trial court of subject matter jurisdiction. *State v. Colon*, 119 Ohio

St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, ¶ 7 ("when a defendant fails to object to an indictment that is defective because the indictment did not include an essential element of the charged offense, a plain-error analysis is appropriate").

{¶13} Assuming there was a defect in the Indictment, "[h]abeas corpus is not available to challenge either the validity * * * or the sufficiency of an indictment." *Luna v. Russell*, 70 Ohio St.3d 561, 562, 639 N.E.2d 1168 (1994) (cases cited).

{¶14} Irrespective of the legal implications of establishing venue in the charging instrument, Arroyo's Indictment, attached to his Petition, states: "The Jurors of the Grand Jury of the State of Ohio, within and for the body of [Cuyahoga] County, * * * do find and present, that [Flor Arroyo], on or about the date of the offense set forth above, ***in the County of Cuyahoga***, unlawfully did knowingly sell or offer to sell a controlled substance * * *." (Emphasis added.) Thus, the Indictment sufficiently established venue in Cuyahoga County.

{¶15} For the foregoing reasons, Respondent's Motion to Dismiss is granted. It is the order of this court that Arroyo's Petition for Writ of Habeas Corpus is dismissed.

{¶16} Petitioner's Motion to Waive Payment of Deposit, Loc.App.R. 2(C) (sic), filed on July 24, 2014, is overruled as moot.


TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., concur.

4