[Cite as *Jury v. Miller*, 2015-Ohio-2998.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BRIAN JURY | ) | CASE NO. 15 BE 33 |
| | ) | |
| PETITIONER | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| MICHELE MILLER, WARDEN | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:      Petition for Writ of Habeas Corpus

JUDGMENT:      Dismissed.

APPEARANCES:

For Petitioner:

Brian Jury, *Pro se*
#654-969
Belmont Correctional Institution
68518 Bannock Rd.
P.O. Box 540
St. Clairsville, Ohio  43950

For Respondent:

Atty. Mike DeWine
Attorney General of Ohio
Atty. Paul Kerridge
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  July 22, 2015

[Cite as *Jury v. Miller*, 2015-Ohio-2998.]
PER CURIAM.

{¶1} On May 14, 2015, Petitioner Brian Jury filed a pro se "Habeas Corpus Petition by State Prisoner" claiming the Erie County Court of Common Pleas lacked jurisdiction because there was "never an initial charging instrument." On May 29, 2015, Respondent Michelle Miller, Warden of the Belmont Correctional Institution in Saint Clairsville, Ohio answered by filing a motion to dismiss.

{¶2} Jury was convicted of kidnapping, felonious assault, and two counts of rape in July of 2014. The trial court sentenced Jury to thirty-six years imprisonment. On August 6, 2014, Jury filed a notice of appeal in the Sixth District Court of Appeals. This appeal is currently pending[1].

{¶3} Individuals who are "unlawfully restrained" may prosecute a writ of habeas corpus. R.C. 2725.01. Application is made by petition, which must contain certain information and enumerated items. R.C. 2725.04. If the court decides that the petition states a facially valid claim, it must allow the writ. R.C. 2725.06. However, "if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition." *Pegan v. Crawmer*, 73 Ohio St.3d 607, 609, 1995-Ohio-175, 653 N.E.2d 659.

{¶4} "Habeas corpus is not available to challenge either the validity or the sufficiency of an indictment." (Internal citations omitted.) *Luna v. Russell*, 70 Ohio St.3d 561, 562, 1994-Ohio-264, 639 N.E.2d 1168. Jury possesses an adequate remedy, namely: to raise this issue in his pending direct appeal. *State ex rel.*

---

[1] On June 11, 2015, Jury filed a fourth motion for extension of time which has not been granted as of the time of drafting this entry.

*Jackson v. Allen*, 65 Ohio St.3d 37, 599 N.E.2d 696 (1992).  As such, Jury's petition for writ of habeas corpus is hereby dismissed.  Costs taxed against Petitioner. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

DeGenaro, J., concurs.

Donofrio, P.J., concurs.

Robb, J., concurs.