[Cite as *State ex rel. Laurie v. Ondrey*, 2021-Ohio-1991.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>KIMBERLY LAURIE, et al.,<br><br>Relators,<br><br>- v -<br><br>THE HONORABLE<br>DAVID ONDREY, et al.,<br><br>Respondents. | CASE NO. 2021-G-0008<br><br>Original Action for<br>Writ of Prohibition |

**P E R   C U R I A M**
**O P I N I O N**

Decided: June 14, 2021
Judgment: Petition dismissed

*Jay F. Crook*, Jay F. Crook, Attorney at Law, LLC, 30601 Euclid Avenue, Wickliffe, OH 44092 (For Relators).

*James R. Flaiz*, Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Respondent, Judge David Ondrey).

*Benjamin G. Chojnacki*, City of Chardon Law Director, 1301 East Ninth Street, Suite 3500, Cleveland, OH 44114 (For Respondent, Judge Forest Burt).

PER CURIAM.

{¶1} Relators, Kimberly Laurie and Seth Miller, have filed an "Original Action Seeking Writ of Prohibition and Alternative Writ with Supporting Affidavit." Respondents, The Honorable David Ondrey and The Honorable Forrest Burt, have each moved to

dismiss the petition pursuant to Civ.R. 12(B)(6).  Because relators have an adequate remedy at law, we grant respondents' motion and dismiss the matter.

{¶2}    Relators are criminal defendants in two separate cases pending in the Chardon Municipal Court.  The charges are a result of an incident that took place on June 27, 2019.  Following the incident, the Geauga County Prosecutor filed an application for appointment of special prosecuting attorney with the Geauga County Court of Common Pleas.  Respondent, Judge David M. Ondrey, considered the application and, at the request of the prosecutor, placed the application under seal.  On July 30, 2019,  Judge Ondrey granted the application for a special prosecutor.

{¶3}    After completing the criminal investigation, criminal charges were filed against relators in the Chardon Municipal Court.  Relators filed motions to dismiss the prosecution, claiming the appointment was improper.  The motions were denied by the Chardon Municipal Court.  The visiting judge determined the court lacked legal authority to contravene the actions of the Geauga County Court of Common Pleas.  According to relators' petition, the trial on the charges is scheduled for June 2021.

{¶4}    Relators assert they are entitled to a writ of prohibition because the application of a special prosecutor was insufficient, improper, and  unnecessary. Relators claim they lack an adequate remedy at law because the trial will proceed even though the special prosecutor was improperly appointed.   In effect, relators contend, in light of the alleged legal problems inherent in the appointment process, the municipal court lacks jurisdiction to proceed.  Relators also seek an "extraordinary writ of stay."  Because of the alleged problems with the appointment of the special prosecutor, they claim an emergency stay of the prosecution is necessary.

2

{¶5} To be entitled to a writ of prohibition, relators must establish that (1) respondents are about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer,* 131 Ohio St.3d 114, 2012-Ohio-54, ¶18. The last two elements can be met by a showing that the trial court "patently and unambiguously" lacked jurisdiction. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.,* 135 Ohio St.3d 204, 2013-Ohio-224, ¶11. In this matter, relief in prohibition is unavailable because there is an adequate remedy at law by filing an appeal from the trial court's denial of relators' motion to dismiss the charges, if necessary, at the conclusion of the proceedings.

{¶6} In *State ex rel. Johnson v. Talikka,* 71 Ohio St.3d 109 (1994), the Supreme Court of Ohio addressed a matter with similar facts as those in this case. When the Ashtabula County Sheriff William Johnson was accused of illegally using county and jail resources for a golf outing, the Ashtabula County Prosecutor sought and obtained to have Leo Talikka appointed special prosecutor because of conflict-of-interest problems. After Talikka had obtained an indictment against the Sheriff, Johnson was granted leave to file a quo warranto action to remove Talikka as special prosecutor because the county commissioners did not participate in Talikka's appointment. The Supreme Court affirmed this court's dismissal of the original action because Johnson had an adequate remedy at law by filing a motion to dismiss the indictment and an eventual appeal if the motion was overruled and the defendant convicted. The Court determined:

{¶7} "[Where] the appointment of a special prosecutor like Talikka is challenged by a defendant in an underlying criminal case, quo warranto relief is precluded because

3

of the available, adequate remedies of a motion to dismiss the indictment with an appeal if the motion is overruled and the defendant convicted." *Id.* at 355.

{¶8}   Similarly, in *State ex rel. Jackson v. Allen,* 65 Ohio St.3d 37 (1992), the Supreme Court of Ohio denied the extraordinary writ of quo warranto because the defendant in a criminal matter had the adequate remedy at law by appealing the denial of his motion to dismiss indictments. In *Jackson*, the former Hancock County prosecutor sought the appointment of a special prosecutor to investigate and, if appropriate, to prosecute an attorney, inter alia, for perjury.  The prosecutor believed he could be called as a witness in the case. When the prosecutor left office, the new prosecutor did not apply to have the third party reappointed as special prosecutor. The attorney/defendant then moved to dismiss the indictment alleging that Allen's authority as special prosecutor had lapsed. The trial court denied the motion. Reginald Jackson, acting in place of the prosecutor, then sought the writ of quo warranto to remove the special prosecutor as a usurper.  The Supreme Court denied the writ: "We conclude that [the defendant] is trying to quash the indictments through this proceeding rather than appeal the trial court's denial of his motion to dismiss. Since [the defendant] has an available appeal remedy, we grant [the special prosecutor's] motion for summary judgment and deny the writ for quo warranto." *Id.* at 39.

{¶9}   Here, although relators have filed a petition for writ of prohibition rather than quo warranto, we find the re-captioning a distinction without difference.  That is, relators are seeking to collaterally challenge the prosecution or "quash" the indictments through an original action.  As the Court noted in *Talikka* and *Jackson*, however, relators can challenge the trial court's denial of their motions to dismiss on an appeal, if they are

4

convicted, at the conclusion of the criminal proceedings. Relators, therefore, possess an adequate remedy in the ordinary course of law.

{¶10} Moreover, courts possess inherent power to appoint special prosecutors where a prosecutor asserts a conflict of interest. *See, e.g., State ex rel. Williams v. Zaleski*, 12 Ohio St.3d 109, 111-112 (1984); *see also State v. Bunyan*, 51 Ohio App.3d 190, 192 (3d Dist.1988) ("[T]he court of common pleas possesse[s] the inherent power to appoint a special prosecutor to perform the duties of the elected prosecuting attorney who fe[els] unable to perform because of a conflict of interest."). Because the Court of Common Pleas has prima facie authority to appoint the special prosecutor *and* there is nothing to suggest the complaints filed against relators are outside the subject-matter jurisdiction of the Chardon Municipal Court, that tribunal does not patently and unambiguously lack jurisdiction. Relators' petition for writ of prohibition therefore fails to state a claim upon which relief can be granted.

{¶11} Finally, Ohio's district courts of appeal have original jurisdiction over writs of quo warranto, mandamus, habeas corpus, prohibition, and procedendo. Ohio Constitution, Article IV, Section 3(B)(1)(a)-(f). A "writ of stay" does not fall under any of the preceding rubrics. Because the petition for writ of stay does not state a viable claim for any of these five writs, this court lacks jurisdiction to proceed. *Snype v. Oswick*, 11th Dist. Portage No. 2009-P-0031, 2009-Ohio-5066, ¶3. Relators' petition for writ of stay fails to state a claim upon which relief can be granted.

{¶12} For the reasons discussed above, respondents' motion to dismiss is granted.

MARY JANE TRAPP, P.J., CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., concur.

Case No. 2021-G-0008